JAMES HODGSON, ROBERT M. PIERCE, and BENJAMIN F. HOLBROOK vs. JOHN W. FARRELL.

On a bill filed by defendants in attachment, and a subsequent judgment creditor of the defendants in attachment against the purchaser at a sale of the defendant's real estate, made by the auditors in attachment to set aside the sale on account of an imperfect description of the property in the advertisement of the sale and gross inadequacy of price, it was *held* that the fact that property worth $12,000 is struck off and sold at a public sale for $400, affords in itself very strong ground for equitable relief. It is such gross inadequacy of price as to shock the conscience, and to amount in itself to strong evidence of fraud.

The fact that the advertisement was so framed as to mislead, so that no one not acquainted with the premises could have conjectured, from the advertisement, what the property was that was intended to be sold, in connection with the fact that there were no bidders at the sale but the purchaser, and that the property was sold at a very inadequate price, makes the sale constructively fraudulent as against the defendant in execution or others having liens upon the property, and on that account

Hodgson *v.* Farrell.

constitutes a ground of equitable relief, although the advertisement may be a technical compliance with the requirement of the statute so far as to vest a valid title in the purchaser.

When, however, it appears, by the bill and answer taken together, that on account of other encumbrances on the premises they really brought a much higher price than that at which they were struck off to the purchaser, and that a resale cannot benefit the judgment creditor at whose instance, and mainly for whose benefit the injunction was issued, such resale will not be ordered, and the injunction will be dissolved.

The interest of the defendants in attachment can in no wise be affected by the price at which the property was sold, except as it leaves a larger amount of their debts unpaid, and that alone constitutes no ground for equitable relief.

This was a motion to dissolve an injunction.

*P. L. Voorhees* and *Dayton,* for the motion.

*Wilson,* contra.

THE CHANCELLOR.  The bill was filed to set aside a sale of real estate, made by auditors, under a judgment in attachment against Pierce and Holbrook, to the complainants. Hodgson, the other complainant, is a subsequent judgment creditor of Pierce and Holbrook.  The case made by the bill is, that the interest of the defendants in attachment in the real estate sold, which is alleged was worth $12,000, was struck off to the defendant for $400, whereby a judgment of Holbrook for $5000, which was a subsequent lien on the property, was totally lost, and the debt of the defendants in attachment remained unsatisfied; that the notice of the auditors' sale was imperfect and insufficient; that the purchaser was the only bidder at the sale, and that each parcel of the premises, as sold, was struck off at a single bid of $100, made by the defendant.

The first ground relied upon for dissolving the injunction is, that there is no equity in the bill.  The fact that real estate charged to be well worth $12,000 is struck off and sold at a public sale for $400 affords, itself, very strong ground for equitable relief.   It is such gross inadequacy of

H*

price as to shock the conscience, and to amount, in itself, to strong evidence of fraud. 2 *Story's Eq. Jur.*, § 246; 3 *Stockt.* 233.

But the equity of the complainants' bill does not rest upon the ground of mere inadequacy of price. The notice of the sale is imperfect. The advertisement is headed "Auditors sale of *land and water rights*," in large capitals. The property to be sold is described as the right, title, and interest of the defendants, Robert M. Pierce and Benjamin Holbrook, in and to "the following described premises, situate in Mullica township, Atlantic county, New Jersey, being a mill stream and pond, commonly known as 'Pleasant Mills,' together with the water rights to the same belonging. Also two hundred acres of land adjoining the said mill stream and pond." Besides the land and water rights, the property sold consisted of a new and extensive paper mill and machinery, a saw mill, mansion house, store, and twenty dwelling houses. These constituted its chief value. It is obvious that the advertisement was not only defective, but was calculated to mislead. No one not acquainted with the premises could have conjectured, from the advertisement, what the property was that was intended to be sold. No sane man desirous of effecting an advantageous sale of the premises would have advertised the property in the terms used in the notice of sale. It is no answer to say, that the property was designated in the advertisement as "Pleasant Mills," by which title the property was familiarly known in that region of country—a purchaser for that description of property was not likely to be found in the immediate vicinity; and to make that fact of any importance, it should appear that it was known to manufacturers and capitalists elsewhere by that description. But a more decided answer appears upon the face of the bill. The principal manufactory at Pleasant Mills, for many years, was a *cotton mill*, which was burnt, and the *paper mill* has been recently built in its place. To advertise it therefore simply by its name was calculated to mislead rather than to attract purchasers. It was certainly

giving no definite information to the public of what was intended to be sold.

In *Allen* v. *Cole*, 1 *Stockt.* 286, which was a bill filed to set aside a sheriff's sale, and for a resale on the ground, among others, of illegality in advertising the property, the Chancellor said, "the advertisement of the sheriff was in strict compliance with the law. It sufficiently identified the property. The sheriff was not bound to describe the number of buildings or their character." Unfortunately the report does not disclose what the advertisement was nor of what the property consisted. On reference to the original bill on file, it appears that the property consisted of houses and lots in the city of Camden. In regard to some of the lots, the advertisement includes a description of the buildings upon it. But one of the lots, after describing it generally, is advertised to be sold with the buildings upon it, with certain specified exceptions. Now the opinion must be taken as applicable to that description, and so far its soundness is not questioned. The property, so far as appears by the case, was *sufficiently* identified. The question is not whether the advertisement is a technical compliance with the requirement of the statute, or whether the defect is such as to invalidate the title in the hands of the purchaser, but whether the character of the description, in connection with the fact that there were no bidders at the sale, and that the property sold at a very inadequate price, does not make the sale constructively fraudulent, as against the defendant in execution or others having liens upon the property, and does not, on that account, constitute a ground of equitable relief. I have no hesitation in saying that it does, even though the advertisement be a compliance with the requirement of the statute so far as to vest a valid title in the purchaser. Thus an advertisement of a town lot by its street and number would be sufficient to identify the lot. But if, under such advertisement, the sheriff should sell a costly dwelling at a price not exceeding the value of the lot, in the absence of all competition, it would afford ground for relief.

So if, under an advertisement of a water power and two hundred acres of land, the sheriff, in the absence of all competition, sell a valuable manufactory and machinery at a merely nominal value, it surely affords ground for relief in equity. I entertain no doubt that the case made by the bill called for the interference of the court. The injunction was properly issued, and cannot be dissolved for want of equity in the bill.

But it is further urged that the equity of the bill is fully denied by the answer. The equity of the complainants' case rests upon the charge of a defective or erroneous description of the premises in the advertisement, the consequent absence of all competition at the sale, and a sacrifice of the property to the prejudice of the complainants' rights. The bill charges that the premises sold were subject only to an encumbrance of $11,000, and though it does not expressly aver, yet its phraseology is calculated to create the impression that the judgment of Hodgson for $5000 was the next encumbrance in order and priority to the judgment in attachment; whereas it appears, by the answer, that there were other encumbrances upon the premises, and that the purchaser held a mortgage upon the property prior to Hodgson's judgment, upon which there was due, at the time of the sale, over $10,000. Had that fact appeared by the bill, the injunction would not have been granted. It satisfactorily accounts for the price at which the property was sold, and shows that instead of selling for $400, the interest of the defendants virtually brought more than $5400. It explains the absence of all competition at the sale; for it is apparent that no one, however desirous of purchasing, could have bought the property without bidding over the amount of Farrell's encumbrance. Nothing is more usual than the striking off of real estate at a sheriff's sale to a subsequent encumbrancer at a price barely sufficient to satisfy the amount due upon the execution under which the sale is made. The answer moreover shows that the offer of the complainants, if the property should be again offered for sale, to bid an amount beyond the claim of the

attaching creditor is merely illusory; for Farrell, the mort-
gagee, must of necessity for his own protection bid far beyond
the amount of the judgment in attachment under which the
premises were sold. The averments of the bill and answer
show satisfactorily that a resale cannot benefit Hodgson, the
judgment creditor, at whose instance and mainly for whose
benefit the injunction issued.

The complainants allege, in their bill, that they had not
notice of the time and place of sale, but they do not allege
that neither of them had notice. The averment may be true,
and yet Pierce and Holbrook, the owners of the property, may
have had full notice. It is fair to infer, from the phraseology
of the bill and from the averments of the answer, that they
had actual notice of the time and place of sale; and if they
had not, it was the result of their own negligence or inatten-
tion. Their interest, moreover, can in no wise be affected by
the price at which the premises were sold, except as it leaves
a larger amount of their debts unpaid. But this alone con-
stitutes no ground for equitable relief.

The injunction must be dissolved with costs.