SARAH BELLOWS and others

*v.*

JACOB WILSON and others.

A bill was entertained to set aside a sale of land by an auditor in attachment, where such attachment was issued by administrators who had no authority to sue, being merely foreign administrators, for a particular claim of rent, alleged to be due under a lease, but not due,

Bellows *v.* Wilson.

in fact, and against, among others, the widow of the alleged debtor, as an heir at law; no negligence in regard to the sale being attributable to the defendants in attachment, one of whom was an infant.

Bill for relief.    On general demurrer.

*Mr. B. A. Vail,* for demurrant.

*Mr. S. D. Dillaye,* for complainants.

The Chancellor.

The complainants seek relief against a sale and conveyance of land made by an auditor in an attachment issued out of the Middlesex Circuit Court, October 22d, 1875, at the suit of the administrators of Nicholas G. Kartright, deceased, and against the complainants in this suit in a plea of debt.

The affidavit on which the writ was issued was made by the attorney of the plaintiffs in the attachment. It stated that Sarah Bellows, Harriet Bellows, Charles W. Bellows, and Henrietta Bellows, were then indebted to the plaintiffs, administrators of the estate of Nicholas G. Kartright, in the sum of $1,333.33, and that the affiant verily believed that the debtors were not, at that time, residents of this state. Under the writ certain personal property, and the right, title and interest of the defendants in three tracts of land in the county of Middlesex, were attached. The land, with the improvements, was worth $20,000, and the personal property several hundred dollars. The debt proved by the plaintiffs was rent upon a lease made by their intestate to George F. Bellows, deceased, who was the husband of the complainant, Sarah Bellows, and the father of the other complainants. That lease was surrendered by the lessee to the lessor, and the latter re-entered the demised premises in pursuance of the surrender. All the rent, proved as a debt under the attachment, was claimed as having accrued after the sur-

render.   The debt reported by the auditor as proved by the plaintiffs was the sum of $1,841.65.   That reported as proved by the only creditors who applied under the attachment, was the sum of $80.93.   There was, when the attachment was issued, no debt due to the plaintiffs from the complainants in this suit, the defendants in the attachment, or from the estate of George F. Bellows, and there was none afterwards, nor was there any debt due from them to the applying creditor.   Judgment by default was, on the 26th of September, 1876, entered for the sums reported by the auditor, and the premises attached were sold by the auditor to the defendants for the sum of $2,750.   They were worth, at a cash valuation, at least $20,000.   The complainants did not learn of the attachment until the property was advertised.   Their attorney undertook to obtain a postponement of the sale, and to take proceedings to open and vacate the judgment in attachment, but failed, through neglect, to do either, and the premises were sold and conveyed by the auditor without their knowledge.   The complainant, Sarah Bellows, was, when the attachment was issued, and ever since has been, in the possession of the land sold under the attachment, under her claim to dower therein as widow of George F. Bellows, who died seized of the property, and from whom it descended to the other complainants.   The plaintiffs in the attachment were, as before stated, the administrators of Nicholas Kartright, deceased, but were not so by virtue of letters issued in this state.   One of the complainants was an infant.   The land was capable of division, so that a part of it, readily separable from the rest, might have been sold to pay the debts claimed by the plaintiffs and the applying creditor to be due to them.   The foregoing are the prominent facts stated in the bill, and on demurrer they must be taken to be true.   It is evident that, under those facts, the defendant's claim to the ownership under the sale of the right, title and interest of the complainants is the result of proceedings not only illegal, but fraudulent; that under a pretended, but wholly unfounded

claim against George F. Bellows, not only the interest of his children, one of them an infant, in the land was attached and sold, but the dower of his widow, also.  The complainants, on the statements of the bill, are entitled to relief in equity.  *Moore* v. *Gamble,* 1 *Stock.* 246; *Hodgson* v. *Farrell,* 2 *McCart.* 88; *Johnson* v. *Garnett,* 1 *C. E. Gr.* 31.

The demurrer will be overruled, with costs.