Many of the issues raised by the pleadings have been solved in other litigation, by death and by the agreement of the parties, so that the only things presently sought is a construction of some features of the last will and testament of Daniel Bailey, deceased, and a decision as to the legality of the sale of a legatee's share. *Page 586 
The testator gave the residue of his estate to three executors in trust for twenty years and provided that upon the death of an executor the survivors should appoint a successor from among his grandchildren. He gave the executors power to bring the trust to an end "by unanimous consent and agreement of said three executors." One of the executors was removed by the orphans court for cause and he has since deceased. His meantime incapacity created a vacancy in the office. His death furnishes the event for filling the vacancy. The duty to select a successor is imperative. The power to terminate the trust cannot be exercised by less than the whole number of executors. That power is vested in the three in office, be they the nominated executors or a duly appointed successor.
By direction of the will the income of the trust fund is to be paid yearly to the residuary legatees "in proportion to the amount of the share each would be entitled to on a settlement and division of the estate as hereinafter specified." Upon the termination of the trust the estate is directed to be distributed, a share each to three children and one to grandchildren, the children of a deceased daughter, and in the distribution certain advances which had been made to them by the testator are to be deducted from the shares and to be regarded as part of the residuary estate in making the division. The testator intended an equal distribution of his estate and his idea of true equality was to require them to account for money given them in his lifetime; and this notion of impartial division extends to the income. The income is to be divided proportionally to theamount of the shares of the corpus of the estate ultimately to be enjoyed by each legatee.
John J. Van Order recovered a judgment in the Supreme Court against Matthew G. Bailey, a son of the deceased, for $8,595.62 and issued execution to the sheriff of Essex county who levied upon and presumed to sell "about two hundred thousand dollars [$200,000] worth of property [more or less] in the estate of Daniel Bailey, deceased." Van Order *Page 587 
was the purchaser at the sale, bidding $100. The legatee's share was worth about $77,000. The debtor had no notice of the sale. He lived in Sussex county. The execution issued into Essex county because the executors lived there. The levy was made, as in attachment, under the act of 1915. Formerly, rights and credits were not leviable. The relief was by supplemental proceedings.Hardenburgh v. Blair, 30 N.J. Eq. 645. They now may be levied upon as in attachment proceedings under the act of 1915. Cum.Supp. Comp. Stat. p. 1205. Treating the share of the judgment debtor as a vested legacy (Fidelity Union Trust Co. v.Rowland, 99 N.J. Eq. 72) and subject to levy (Baumann v.Ballantine, 76 N.J. Law 91) it could not be sold without leave of the court or a judge thereof (Cum. Supp. Comp. Stat. p.1206) and it is not claimed that there was leave to sell. Furthermore the publication of the property to be sold was vague and indefinite and the price grossly inadequate. A sheriff's sale of "rights and credits" for a grossly inadequate price, held in a county foreign to the debtor, without notice to the debtor and without opportunity of notice, and covertly conducted, upon vague and indefinite publication, will be set aside as fraudulent.Hodgson v. Farrell, 15 N.J. Eq. 88; Bellows v. Wilson,29 N.J. Eq. 124; Bray v. General Engineering Co., 75 N.J. Eq. 443.
The sale will be set aside. The levy will stand.
The Citizens National Bank and Trust Company holds an assignment of $10,000 of the share of Matthew G. Bailey. This is conceded to be prior in point of time to the Van Order levy and is entitled to satisfaction before payment of the judgment. *Page 588