[No. 13661.  In Bank. — November 28, 1890.]

ROBERT E. MOORE, PETITIONER, v. THE SUPERIOR COURT, RESPONDENT.

ORDER SUBSTITUTING TRUSTEE — VACATION OF ORDER AFTER SIX MONTHS — JURISDICTION — CERTIORARI. — An order substituting a trustee of an estate is a final order as between the old and new trustees, and the court has no jurisdiction after the expiration of six months to vacate the order made, on a mere motion for that purpose, the order not being void on its face; and an order vacating such final order after the expiration of such period is void and will be annulled on *certiorari*.

ID. — TRUSTEES APPOINTED BY WILL — RENUNCIATION OF TRUST — NOTICE OF SUBSTITUTION — VALIDITY OF ORDER. — Where a testator provided in his will that his wife should manage his estate as trustee, and that in case of her death before certain grandchildren, named as trustees, should become of age, the management of the property should devolve upon his son, named in the will, and the widow voluntarily renounced her trust, and consented to the substitution of the son as trustee, the order of substitution is not void for want of notice to the minor trustees, who were not beneficiaries under the will. or interested in the management of the property during the life of the widow.

APPLICATION to the Supreme Court for a writ of *certiorari*. The facts are stated in the opinion of the court, and in the opinion in *Estate of Moore, ante,* p. 58.

*Baker & Grant,* and *Grove L. Johnson,* for Petitioner.

*E. R. Bush,* and *C. W. Thomas,* for Respondent.

WORKS, J. — This is an application for a writ of *certiorari* to test the jurisdiction of the respondent, the superior court of Yolo County, to make an order vacating a former order of the same court in a probate proceeding. This same order was appealed from, and it was held that the order was not appealable. (*In re Moore's Estate, ante,* p. 58.) Most of the facts will be found stated in the opinion above referred to. The order there appealed from, and here attacked on the ground that the superior court had no jurisdiction to make it, was made and entered more than six months after the former order, vacated by it, was made. It is contended that the court below had no power or jurisdiction to vacate its former

order after six months, and that the order complained of is void. On the other hand, the respondent contends that the first order was void, because it appears, from the record, that the two minors, who were named as trustees upon the death of the widow, were not notified. But these minors were not beneficiaries under the will, or in any way interested in the question as to who should manage the water-ditch during the life of the widow. During that time she and those persons who were beneficially interested in the property and its management were alone affected by the order made, and in the question as to who should act as such manager. It is apparent that the widow alone is now complaining and objecting to the enforcement of an order voluntarily consented to and stipulated for by her. We think, for these reasons, that the first order was not void for the want of notice to the minor trustees. There are other objections made to the original order, but none of them affect its validity.

We are quite certain that the last order made was without authority of law, and was a nullity. The former order was not void on its face. It was final as to the right of the widow of the deceased and the petitioner here as to which of them should manage the property under the provisions of the will. The time within which such an order could be vacated must be held to be limited by section 473 of the Code of Civil Procedure. The court had no jurisdiction after the expiration of six months to vacate the order made on a mere motion for that purpose, the order not being void on its face. (*Bell* v. *Thompson*, 19 Cal. 708; *Wakelee* v. *Davis*, 62 Cal. 514; *Estate of Hudson*, 63 Cal. 454; *Dean* v. *Superior Court*, 63 Cal. 473, 477; *Wallace* v. *Center*, 67 Cal. 133; *People* v. *Goodhue*, 80 Cal. 200; *People* v. *Harrison*, 84 Cal. 607.)

The order must be annulled, and it is so ordered.

Fox, J., Sharpstein, J., McFarland, J., and Paterson, J., concurred.