[Sac. No. 306.    Department Two.—December 2, 1897.]

In the Matter of the Trust Estate of O. C. PRATT, Deceased. DANIEL SULLIVAN et al., Appellant, v. A. H. CREW et al., Respondents.

ESTATES OF DECEASED PERSONS—TRUST UNDER WILL—SETTLEMENT OF ACCOUNT OF TRUSTEES—ITEMS ALLOWED IN PREVIOUS ACCOUNT.—When the annual accounts of trustees acting under the will of a deceased person have been settled and approved, they are only subject to direct attack by motion to open the settlement, or other like remedy in the superior court, or on appeal, and items allowed in a previous annual account cannot be examined into upon the settlement of a succeeding annual account.

1D.—ITEM FOR SERVICES OF BOOKKEEPER—RELATIVE OF TRUSTEE—DISCRETION. The allowance of an item for the services of a bookkeeper for the trustees will not be deemed an abuse of discretion, merely upon a showing that the bookkeeper was a relative and employee of one of the trustees, where it does not appear that such trustee had any interest in his earnings, and there is no other or fuller showing against the item.

APPEAL from an order of the Superior Court of Butte County settling an annual account of trustees under the will of a deceased person. John C. Gray, Judge.

The facts are stated in the opinion.

Charles F. Hanlon, and J. S. Spilman, for Appellants.

F. C. Lusk, and McKinstry & McKinstry, for Respondents.

SEARLS, C.—This is an appeal from an order of the superior court in and for the county of Butte settling the third annual account of A. H. Crew and F. C. Lusk, trustees, for the year 1895, under the last will and testament of O. C. Pratt, deceased.

The appellants filed exceptions to the report, which were overruled upon the hearing, and an order entered approving the account, from which order this appeal is prosecuted.

Two or three minor objections were made to the account at the hearing, and the action of the court thereon is assigned as error. One of these briefly stated is as follows: Appellants sought to enter upon an examination of items charged up in the

accounts rendered and settled by the court in 1894 and 1895. This was objected to, the objection sustained, and an exception noted.

The ruling was correct. The accounts, when once settled and approved, were only subject to direct attack by motion to open or other like remedy in the superior court or on appeal. There was also an objection to an item of thirty dollars paid to a bookkeeper.

The record shows no evidence upon which to predicate an objection to this item, except that the bookkeeper was a relative of trustee Crew and worked in his bank. It did not appear that Crew had any interest in the earnings of the bookkeeper, and, in the absence of a fuller showing, we must suppose the court did not abuse its discretion in allowing the item. The other of what we denominate minor objections call for no comment.

The important questions involved in the appeal are those contained in the cases of *Crew v. Pratt, ante,* p. 131, and *Crew v. Pratt, ante,* p. 139, both of which are this day decided.

For the reasons given in those cases we recommend that the order appealed from be affirmed.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.