[S. F. No. 2334.    Department Two.—January 24, 1901.]

In the Matter of the Estate of MARY C. GRANT, Deceased. JOHN RAFFERTY, Executor, Appellant, v. PETER A. KEARNEY, Creditor, Respondent.

ESTATES OF DECEASED PERSONS — SETTLEMENT OF ACCOUNT OF EXECUTOR — CONCLUSIVENESS.—An order settling any account of an executor of the settlement of which proper notice has been given, if not appealed from, is conclusive as to all "items contained therein" except as to persons under legal disability.

ID.—SETTLEMENT OF NEW ACCOUNT—INVALID ORDER SETTING ASIDE PREVIOUS SETTLEMENT — JURISDICTION. — Upon the settlement of a new account of the executor, the court has no jurisdiction to set aside the settlement of any previous account and to reopen the same, and adjudicate against the executor items which had been conclusively adjudicated in his favor.

ID.—ORDER DIRECTING PAYMENT OF CLAIM—DEPENDENCE UPON ERRONEOUS ORDER.—An order directing the payment of a claim which depends for payment upon the improper settlement of the accounts of the executor, which involved setting aside the settlement of a previous account and changing the items therein, so as to make a sufficient balance to pay the claim, must fall with the erroneous order of settlement.

APPEAL from orders of the Superior Court of the City and County of San Francisco settling the accounts of an executor and directing the payment of a claim against the estate of a deceased person.    J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

Moses G. Cobb, for Respondent.

McFARLAND, J.—The transcript presents two appeals by the executor; one from an order entered March 23, 1899, settling his third annual account, and the other from an order entered at the same time directing him to pay the claim against the estate of Peter A. Kearney, amounting with interest to $613.

The main question involved in the appeal first above mentioned is whether the court erred in disregarding a former order made November 24, 1897, settling appellant's second account, and in expressly setting aside said former order and re-settling the former account and disallowing nearly all the items of credit therein which had been allowed and settled by the former order. The facts necessary to be stated are these: Appellant filed his first account as executor in December, 1894, with a report of his administration, the account showing that he had on hand $102.47; and, after due notice of the hearing on February 6, 1895, the court on that day made an order settling and allowing the account as presented. On June 15, 1897, he filed his second account, in which, beginning with the $102.47 balance on hand as per the first account, a great many items of receipts and expenditures are set forth. The items of expenditures consisted mainly of interest on a mortgage on the real property of the estate, taxes and insurance on the same, repairs on the buildings on the property, which was rented, necessary to keep the same in proper condition, water rates, etc. The account showed total receipts, $1,022.47, and total expenditures, $737.62—leaving a balance on hand of $284.85. An order of court was duly made setting the hearing of this account for the 28th of June, 1897, at 10 o'clock A. M., at the courtroom of the court, and notifying all persons interested in the estate "then and there to appear and show cause if any they have why the said account should not be settled and allowed." Thereafter, on August 3, 1897, the court made an order in which it was declared that proof had been made to the satisfaction of the court "that notice of said settlement had been given as required by chapter X, title XI, of part III of the Code of Civil Procedure, and as ordered by the court"; and further, that "it appearing that said account is true and correct, and is supported by proper vouchers, it is ordered that said account be, and the same is hereby, settled and allowed as presented and filed." On

December 30, 1898, the executor filed his third account—the one from the order settling which this appeal is taken. This account begins with the $284.45 on hand at the settlement of the previous account, and sets forth various items of expenditures mainly of the character of the expenditures set forth in the second account; and it shows a balance in the hands of the executor of $373.30. To the settlement of this account Dr. Peter A. Kearney, a creditor of the estate whose claim had been allowed, filed objections in which he attacked the second account which had been allowed as aforesaid, and averred that the second account was settled without proper showing or filing of vouchers; that certain payments which appear by the second account to have been made were in fact not made; that certain expenditures set forth in said second account do not truly represent expenditures actually made by the executor; that vouchers were taken for services rendered and materials furnished for repairs on the property for more than the amounts which the executor actually paid; that even if said expenditures were made, they had become necessary through the negligence of the executor, etc. Due notice was given according to law of the settlement of this third account, and it came on regularly to be heard on the fourteenth day of February, 1899. Certain evidence was taken, and the court made the order settling said third account, from which order this appeal is taken. In this order the court recites that the executor had been negligent in not selling the real property of the estate under an order which had been made authorizing him to do so, and that, therefore, all the disbursements which he had made for interest on the mortgage, repairs, insurance, taxes, etc., since October 5, 1895, and which had been allowed in the second account which had been settled as hereinbefore stated, should be disallowed, and that "the former order of November 24, 1897, settling the said executor's annual account is hereby set aside on that account, and the said second account is hereby now settled and allowed, showing a balance in the hands of the said executor on the fifteenth day of June, 1897, . . . . amounting to $711.42, which said sum of $711.42 is to be added in said executor's third account to the sum of $475, rents with which he charges himself as having been received, making a total credit to the estate

in the hands of the said executor on the thirtieth day of December, 1898, when said third account was rendered, of $1,-186.42, instead of $789.85, and the disbursements charged as made in said third account are allowed to the amount of $37.50, and no more, leaving a balance in the hands of said executor on the thirtieth day of December, 1898, when said third account was rendered, of $1,148.92." At the same time the order was made, without notice, directing the payment of the claim of said Kearney.

An order "settling an account of an executor or administrator" is appealable (Code Civ. Proc., sec. 963, subd. 3); and it is clear that when proper notice has been given it is conclusive as to all items contained in it, except as against persons laboring under some legal disability. It is so expressly provided in section 1637, and has been so declared in numerous cases. (*Estate of Stott*, 52 Cal. 403; *Reynolds v. Brumagim*, 54 Cal. 254; *In re Couts*, 87 Cal. 480; *Tobelman v. Hildebrandt*, 72 Cal. 313; *In re Couts*, 100 Cal. 400; *Estate of Marshall*, 118 Cal. 381; *Estate of Fernandez*, 119 Cal. 579.) In this respect there is no difference between a final account—that is, one made with a view to the immediate distribution of the estate—and any other account; the code makes no distinction between them as to their appealability, or as to the conclusiveness of orders settling them, except that section 1634 provides that if the account be for a final settlement, accompanied by a petition for distribution, the notice must state those facts and must be for at least ten days. In some of the cases above cited the account dealt with was a final account; but in the two cases of *In re Couts*, in 87 and 100 California, in *Estate of Marshall, supra,* and in *Estate of Fernandez, supra,* the court was dealing with accounts rendered and settled prior to the final settlement. In the Fernandez case the court said: "The settlement of the said annual accounts not having been appealed from is conclusive." (It is to be noticed that courts have fallen into the habit of calling accounts filed prior to the account on final settlement "annual" accounts, although the code does not use that word.) Therefore, in the case at bar the court erred in disregarding the order settling the second account, in setting the same aside, and in reopening and determining matters against appellant which had

been conclusively adjudicated in his favor in the former order. And as the order settling the third account, from which the appeal is taken, is based mainly on matters that had been formerly adjudicated, it must be reversed.

In the second appeal from the order directing the payment of Kearney's claim, that order is attacked upon various grounds; but as it is based on the order settling the third account, which was erroneous for the reasons above stated, the two orders must fall together.

Both the orders appealed from are reversed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.