[S. F. No. 15138. In Bank.—November 1, 1934.]

SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Newlin & Ashburn, O'Melveny, Tuller & Myers, Louis W. Myers and A. W. Ashburn for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, and Holbrook, Taylor, Tarr & Reed for Respondents.

Kimball Fletcher, Ethel H. Harradine, S. C. Schaefer, A. J. O'Connor, James Westervelt, L. H. Phillips, M. I. Church, Jack Leonard, Marion P. Betty and Hanna and Morton, as *Amici Curiae* on Behalf of Respondents.

SHENK, J.—This is a proceeding in *certiorari* to annul an order of the respondent court vacating orders settling and approving the first nine accounts of the petitioner as trustee of a testamentary trust.

The petition sets forth as exhibits the judgment-rolls on the several proceedings settling said accounts of the trustee, the petition for probate of the will, the decree of distribution, and other portions of the records in previous proceedings relied upon by the party moving to vacate said orders. The matter is submitted on a general demurrer to the petition.

The will of Susan Emerson Wilshire was admitted to probate in December, 1920. In November, 1921, a decree was entered distributing the sum of $71,946.32 to the petitioner's predecessor, as trustee, being the balance after deduction for inheritance taxes, etc., of a trust fund of $75,000 directed by the will of the testatrix to be established for the benefit of

her sister, Sallie B. Wolcott. The income from the fund was directed to be paid to Sallie B. Wolcott during her lifetime and the remainder to W. R. Thomas, Caroline C. Griffin, Mary Dolan, Sarah T. Haddon and Susan T. Pearman, nephews and nieces of the testatrix. Subsequently and periodically the trustee filed its accounts current, ten in all. Pursuant to notice given and a hearing had on each thereof, the probate court made its order settling and approving each account as rendered. These orders had long since become final when the motion was made to set aside and vacate said ten orders approving the accounts. No point is urged against the validity of the order granting the motion as to the tenth current account, the application, as to that account, having been made within the time prescribed by section 473 of the Code of Civil Procedure.

The application to vacate the orders approving the first nine accounts of the trustee was made by W. R. Thomas, one of the nephews of the testatrix and a remainderman under the trust provisions and the decree of distribution. The motion was addressed to the respondent court sitting in probate in the matter of said estate. The grounds of the motion were that the respective orders were void because the trustee failed to include in its petition for settlement the names and addresses of, and to give notice to, the beneficiaries as required by sections 1120 and 1200 of the Probate Code and section 1699 of the Code of Civil Procedure; and on the further ground that the petition in each instance falsely stated that Sallie B. Wolcott was the sole beneficiary of the trust, when, in fact, the trustee knew that W. R. Thomas was such beneficiary and that he resided at Houston, Texas.

■ No appeal from the order vacating the orders settling and approving the accounts is provided for by statute, hence the question of the jurisdiction of the court to make such an order is reviewable in the present proceeding. (*Tinn* v. *United States District Attorney*, 148 Cal. 773 [84 Pac. 152, 113 Am. St. Rep. 354]; 4 Cal. Jur. 1034; 11a Cal. Jur. 217.)

■ Unless the orders settling the first nine accounts current are shown to be void upon the face thereof, the probate court had no jurisdiction to vacate them on a collateral attack. ■ A judgment or order is determined to be void

upon its face when it is shown to be void by an inspection of the judgment-roll. (*Estate of Davis,* 151 Cal. 318, 324 [86 Pac. 183, 90 Pac. 711, 121 Am. St. Rep. 105]; *Latta* v. *Tutton,* 122 Cal. 279, 282 [54 Pac. 844, 68 Am. St. Rep. 30]; *Hill* v. *City Cab Co.,* 79 Cal. 188, 190 [21 Pac. 728]; *Fletcher* v. *Superior Court,* 79 Cal. App. 468, 474 [250 Pac. 195].)

The eighth current account of the trustee was filed in November, 1930. Section 1699 of the Code of Civil Procedure, applicable to that and all preceding accounts filed by the trustee, provided: "Where any trust has been created by or under any will to continue after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction thereof for the purpose of the settlement of accounts under the trust.

"And any trustee created by any will, or appointed to execute any trust created by any will, may, from time to time, pending the execution of his trust, or may, at the termination thereof, render and pray for the settlement of his accounts as such trustee, before the superior court in which the will was probated, and in the manner of the settlement of the accounts of executors and administrators. The trustee . . . shall for that purpose, present to the court his verified petition setting forth his accounts in detail, with a report showing condition of trust estate, together with a verified statement of said trustee, giving the names and postoffice addresses, if known, of the *cestuis que trust,* and upon the filing thereof, the clerk shall fix a day for the hearing, and give notice thereof of not less than ten days, by causing a notice to be posted at the courthouse in the county where the court is held, setting forth the name of the trust estate, the trustee, and the day appointed for the settlement of the account. The court, or a judge thereof, may order such further notice to be given as may be proper. . . . "

In the matter of each of the first eight accounts current, the trustee filed a verified account and petition "as trustee for Sallie B. Wolcott under the last will and testament of" Susan E. Wilshire, deceased, and set forth among the other matters required by the section quoted, "that the name of said beneficiary is Sallie B. Wolcott, and her address is Redondo Beach, California". No other person was men-

tioned as a beneficiary under said trust. In each instance the clerk set a day for the hearing and settlement of the account, and notice was duly posted in accordance with the requirement of said section 1699 of the Code of Civil Procedure. The court made its final order as to each account after such notice and hearing thereon. No order was made in any instance for further notice. W. R. Thomas at no time filed any request for special notices. He had appeared personally in the matter of the probate of the will by joining in an answer to an opposition to its probate instituted by one Henry Gaylord Wilshire.

Subsequent to the filing and settlement of the eighth account current, section 1699 of the Code of Civil Procedure was repealed and the provisions hereinbefore quoted were re-enacted, with some changes and additions, in sections 1120 and 1200 of the Probate Code. Instead of the requirement that the petition give the names and postoffice addresses, if known, of the *cestui que trust*, section 1120 requires that the petitioner give "the names and postoffice addresses, if known, of the beneficiaries". By section 1120 the clerk is required to give notice for the period and in the manner directed by section 1200 of the Probate Code, which is the same notice required by former section 1699 of the Code of Civil Procedure. Section 1120 of the Probate Code in addition provides that "notice of the hearing shall be mailed to the beneficiaries whose addresses are known, as provided in section 1200, whether they have requested special notice or given notice of appearance or not".

The petition presenting the ninth account current of the trustee contained the same allegation respecting the beneficiary of the trust, viz., "The beneficiary of this trust and her address, in so far as said address is known to the trustee, are as follows: Sallie B. Wolcott, Redondo Beach, California." Due notice of the hearing was posted in accordance with the provisions of section 1200 of the Probate Code, and the notice was mailed to Sallie B. Wolcott, Redondo Beach, California, and Ernest K. Hartman, assignee of Susan T. Pearman, Title Insurance Building, Los Angeles, California. The notice was not mailed to W. R. Thomas nor to any other beneficiary or remainderman of the trust estate.

For the purposes of this proceeding the petitioner does not dispute the fact that the remaindermen, as well as the

*cestui que trust,* Sallie B. Wolcott, were beneficiaries under the trust and that the addresses of the beneficiaries and particularly of W. R. Thomas were alleged in the petition for the probate of the will. The respondents contend that these facts prove conclusively the lack of jurisdiction of the probate court to make the several orders settling the nine accounts of the trustee and the consequent invalidity thereof, for the reason, so it is claimed, that the court acquired no jurisdiction of W. R. Thomas in said nine proceedings.

The question is not concluded by the undisputed facts. ■ A proceeding pursuant to section 1699 of the Code of Civil Procedure, or section 1120 of the Probate Code, like other successive proceedings in the probate and execution of a will or the administration of an estate, is a proceeding *in rem.* (*Murray* v. *Superior Court,* 207 Cal. 381 [278 Pac. 1033]; *King* v. *Chase,* 159 Cal. 420, 425 [115 Pac. 207]; *Estate of Davis,* 136 Cal. 590 [69 Pac. 412]; *Smith* v. *Fidelity & Deposit Co.,* 130 Cal. App. 45, 55 [19 Pac. (2d) 1018]; *Nicholson* v. *Leatham,* 28 Cal. App. 597, 601 [153 Pac. 965, 155 Pac. 98]; 11 Cal. Jur. 236, 237; 1 Cal. Jur. 324; 11b Cal. Jur. 570; 11a Cal. Jur. 134, 135.) The same presumptions as to the validity of its final orders and decrees apply as to judgments and orders of any court of general jurisdiction. (*Edlund* v. *Superior Court,* 209 Cal. 690, 695 [289 Pac. 841]; *Burris* v. *Kennedy,* 108 Cal. 331 [41 Pac. 458]; *Tobelman* v. *Hildebrandt,* 72 Cal. 313, 316 [14 Pac. 20]; *Wood* v. *Roach,* 125 Cal. App. 631, 639 [14 Pac. (2d) 170]; *Fletcher* v. *Superior Court,* 79 Cal. App. 468, 473, 474 [250 Pac. 195].) ■ Therefore a subsequent application in the administration of the same estate to set aside a previous order entered in the course of probate jurisdiction after the same has become final is a collateral attack, and unless the order is void on its face, it may not on such attack be set aside. (*Estate of Davis,* 151 Cal. 318 [86 Pac. 183, 90 Pac. 711, 121 Am. St. Rep. 105]; *Luckey* v. *Superior Court,* 209 Cal. 360, 364 [287 Pac. 450].) This applies to orders settling accounts. (*Estate of Grant,* 131 Cal. 426 [63 Pac. 731]; *Estate of Fernandez,* 119 Cal. 579 [51 Pac. 851]; *Estate of Pratt,* 119 Cal. 156 [51 Pac. 47]; *Moore* v. *Superior Court,* 86 Cal. 495 [25 Pac. 22].) ■ The filing of the petition setting forth the matters required by the code sections noted vests jurisdiction in the probate court (see

*Estate of Simmons,* 168 Cal. 390, 395 [143 Pac. 697]),
whether or not the allegations of the matters necessary to
vest jurisdiction accord with the actual facts. (*Estate of
Strong,* 119 Cal. 663, 666 [51 Pac. 1078]; *Nicholson* v.
*Leatham,* 28 Cal. App. 597, 601 [153 Pac. 965, 155 Pac.
98].) The situation here presented calls for the same con-
clusion as in the case of *Murray* v. *Superior Court,* 207 Cal.
381, 385 [278 Pac. 1033], wherein it was held that the
omission in the petition for the probate of the will of the
names and addresses of the heirs, legatees and devisees, even
if known to the petitioner, does not deprive the court of
jurisdiction, and that when the petition is silent as to such
names and addresses, they must be deemed by the clerk to
be unknown and he is not required to mail copies of the
published notice. ■ The notice required by the sections
is constructive notice to everyone of the pendency of the
proceedings and a hearing had and order entered pursuant
thereto is conclusive upon all parties in interest. (Code Civ.
Proc., sec. 1701, Probate Code, sec. 1123; *Estate of Leonis,*
138 Cal. 194, 200 [71 Pac. 171]; *Estate of Grant,* 131 Cal.
426 [63 Pac. 731]; *Moore* v. *Superior Court,* 86 Cal. 495
[25 Pac. 22]; *Smith* v. *Fidelity & Deposit Co.,* 130 Cal. App.
45, 55 [19 Pac. (2d) 1018].) ■ Absence of a personal
notice in such proceeding does not deprive any person in
interest of any of his constitutional rights. (*Estate of
Bump,* 152 Cal. 274, 276 [92 Pac. 643]; *Estate of Davis,* 151
Cal. 318 [86 Pac. 183, 90 Pac. 711, 121 Am. St. Rep. 105];
*Estate of Davis,* 136 Cal. 590 [69 Pac. 412].)

■ Inasmuch as the judgment-roll in each of the nine
proceedings discloses that all of the requirements of the sec-
tions were complied with, and that the court issuing the
orders of approval in each case had jurisdiction to make the
order, it must be concluded that each thereof was valid and
that the respondent court was without jurisdiction to vacate
any of said orders.

The respondents urge that because of the undisputed facts
the orders settling the accounts must be declared void under
the rule stated or applied in such cases as *Lake* v. *Bonynge,*
161 Cal. 120, 133 [118 Pac. 535], *People* v. *Harrison,* 107
Cal. 541, 546 [40 Pac. 956], and *Hill* v. *City Cab etc. Co.,*
79 Cal. 188 [21 Pac. 728]. The rule invoked, viz., that a
judgment otherwise valid on its face may be declared void

on a collateral attack where lack of jurisdiction of the party is admitted, presupposes, as stated in *Lake* v. *Bonynge, supra,* that the party resisting the attack as collateral "admits facts which show that a service of summons, constructive or personal, was not made on the defendant to the judgment and allows evidence to be introduced without objection showing this fact". This is the substantial equivalent of saying that if the party resisting the collateral attack in effect admits that the judgment, although valid on its face, is nevertheless void because of lack of jurisdiction of the defendant, the court must declare the invalidity in accordance with the admission. Such an admission is not revealed by the record on this proceeding. In fact the record is to the contrary. The decree of distribution and the record thereon, showing the name and address of W. R. Thomas, and relied on by him, were not admitted in evidence without objection on the part of the petitioner. Furthermore, there is nowhere in the record any evidence, whether objected to or not, that the steps required by the applicable code sections were not followed to the full extent necessary to give the court jurisdiction to make the orders attempted to be vacated. The effect of the decisions hereinbefore cited is to compel the conclusion that the steps admittedly taken are in accordance with the statute and constituted constructive notice to Thomas, and that no other jurisdictional notice was required.

Finally the respondents contend that the motion to vacate the orders may be considered as addressed to the equity powers of the probate court and that the respondent court had jurisdiction to set aside said orders on the ground that extrinsic fraud had been practiced in said proceedings. The probate court has no general equity jurisdiction. Its general jurisdiction is confined to the settlement of the estates of deceased persons. (*Burris* v. *Kennedy,* 108 Cal. 331 [41 Pac. 458]; *Estate of Hubbell,* 121 Cal. App. 38 [8 Pac. (2d) 530]; *Parkman* v. *Superior Court,* 77 Cal. App. 321 [246 Pac. 334].) It has the power, however, to apply equitable and legal principles in aid of its functions as a probate court. (11a Cal. Jur. 92, 93, and cases cited; see *Estate of Eilert,* 131 Cal. App. 409 [21 Pac. (2d) 630].) Consequently on a collateral attack the probate court is not vested with power to avoid its own orders or decrees which

have become final on the ground that extrinsic fraud has been practiced in obtaining the order or decree. Such power is appropriately vested in a court having general equity jurisdiction. (*Estate of Davis,* 151 Cal. 318 [86 Pac. 183, 90 Pac. 711, 121 Am. St. Rep. 105]; *Nicholson* v. *Leatham,* 26 Cal. App. 597 [153 Pac. 965, 155 Pac. 98]; see, also, *Aldrich* v. *Barton,* 138 Cal. 220 [71 Pac. 169, 94 Am. St. Rep. 43].) The decision in the case of *Estate of Eilert, supra,* is not to the contrary. There the probate court did not vacate or set aside any previous order made by it, but merely exercised its equity powers in aid of its probate jurisdiction. The language used in that decision to the effect that the court, in the exercise of its equity jurisdiction, has the power in a proper case to grant relief from a final order or judgment obtained through fraud or mistake, citing supporting cases, must be deemed, as those cited cases disclose, to refer to the relief which may be afforded by a court of equity. The decision in that case went no further than to approve the exercise of the equity powers of the probate court in instructing the trustee to commence appropriate proceedings or actions for equitable relief, presumably in accordance with the foregoing statement and supporting cases, and in conserving the assets then subject to its probate jurisdiction for the benefit of the persons entitled thereto, which, in the last analysis, is the appropriate function of the probate court.

The order is annulled.

Waste, C. J., Seawell, J., Spence, J., *pro tem.,* Langdon, J., and Preston, J., concurred.