[S. F. No. 15072. In Bank.—May 27, 1935.]

ANNA RINGWALT et al., as Cotrustees, etc., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

Wayne M. Collins for Appellants.

Louis Ferrari, W. E. Johnson, and Keyes & Erskine for Respondents.

THOMPSON, J.—Judgment was entered in favor of defendants after their demurrer to the second amended complaint of plaintiff was sustained without leave to amend. Plaintiffs prosecute this appeal therefrom.

The complaint is in two counts. The first attempts to allege a cause of action against the respondent bank, as executor of the last will and testament of Marie Louise Adams, for failure to sell assets of the estate consisting of stock in the respondent bank and the Bancitaly Corporation, which it is alleged depreciated in value during the course of administration of the estate, in the sum of $33,211.87, and also against the individual respondents as servants and employees of the bank upon the claim that they aided and abetted in the neglect and refusal to sell. Letters were issued August 26, 1927, and distribution was ordered October 1, 1928. Five-eighths of the estate was bequeathed to the respondent bank in trust to pay to the appellant Anna Ringwalt the net income during her life, and upon her death to convey the remainder to her children, the appellants, Anna Una Ringwalt, Louise Ringwalt and Charles C. Ringwalt, minors. The allegations of this cause of action are to the effect that in its final account the bank as executor did not set forth the depreciated value of the stock, which it had neglected to sell in order to support the market price of outstanding similar shares, nor did it give the appellants, or any person as their representative notice of the hearing of the account, nor have a general or a guardian *ad litem* appointed for the minors; that the respondent bank resigned as trustee November 12, 1931, and appellants Anna Ringwalt and Charles C. Ringwalt were appointed in its stead; that the time for appeal from the decree has elapsed and appellants have no remedy other than an appeal to equity to set aside the final account and compel the executor to make restitution of the estate wasted. There is no allegation that the executor failed to give the statutory or legal

notice of the hearing of the final account and petition for distribution. Appellants concede that it was in fact given, and also concede that no request was made for special notice as it is provided may be done.

We shall dispose of the questions raised by the first count of the complaint before noticing the allegations of the second. It is immediately apparent that we must, first of all, determine whether the decree of the probate court is final and conclusive. Section 1637 of the Code of Civil Procedure, in effect when the account here involved was settled, the substance of which is now incorporated into section 931, Probate Code, provides that an order settling an account, when it becomes final, is conclusive against all persons interested in the estate, except that persons under legal disability have the right to move for cause to reopen and examine the account or to proceed against the executor by action "at any time before final distribution". It is apparent from the provisions of this section that the decree is conclusive; that although the minors would have had a right to move for cause to reopen an account before final distribution, nevertheless, the legislature has by apt terms declared the policy of the state to be that when final distribution has occurred and the decree has become final it shall be conclusive.

The appellants, while admitting such to be the result with respect to adults, argue that minors are an exception to the rule, and that as to them the decree is not conclusive. As indicated, we think the plain language of the legislature is opposed to this contention. To even suggest that decrees settling the final account and ordering final distribution should not be conclusive as against minors opens up such a vista of uncertainties and field of possible litigation as to immediately demonstrate the wisdom of the legislative declaration. By analogy, the recent case of *Adams* v. *Martin, ante,* p. 246 [44 Pac. (2d) 572], in which we held that the final account of a guardian of an incompetent, whose letters were revoked and another guardian appointed, was conclusive, is confirmatory of the opinion we entertain here.

We are therefore brought to the point where it is necessary to determine whether the cause of action attempted to be stated alleges facts constituting extrinsic fraud authoriz-

ing the court to set aside the decree and compel the executor to make restitution. ■ Extrinsic fraud has been many times defined and quite recently in the case of *Caldwell* v. *Taylor*, 218 Cal. 471 [23 Pac. (2d) 758, 88 A. L. R. 1194], we had occasion to refer to the definition contained in the leading case of *United States* v. *Throckmorton*, 98 U. S. 61 [25 L. Ed. 93], to the effect that it consists of some "fraud practiced directly upon the party seeking relief against the judgment or decree" by which "that party has been prevented from presenting all his case to the court". And we also set forth a succinct statement from *Clavey* v. *Loney*, 80 Cal. App. 20 [251 Pac. 232], as follows: "the extrinsic fraud which alone will warrant a court of equity in setting aside a judgment or decree consists of such fraud as prevents a real trial of the issues involved in the case, like conduct which prevents the injured party from receiving notice of the action or which causes the absence of necessary witnesses". ■ When scrutinized in the light of these declarations it will be seen that the allegations of the first cause of action fail to bring it within the doctrine which equity says warrants it in overthrowing the rule which upholds and maintains the sanctity of judgments. The fact that the executor had not sold the stock was manifest, in the usual course of things, on the face of the final account and petition for distribution as well as in the decree of distribution. If it were properly surchargeable for negligence in failing to sell or for failure to sell, that issue should have been heard at the time, but we fail to discover in the allegations of appellants anything done by the respondent bank to prevent, foreclose or hinder such a proceeding.

■ When we turn to the second cause of action we are confronted by substantially the same situation, the principal differences in the allegations being that the trustee exchanged Bancitaly Corporation and Bank of Italy National Trust and Savings Association stock for capital stock, for equivalent shares, of the Transamerica Corporation, which latter corporation it is alleged has at all times been the parent or holding corporation of the respondent; that stock dividends received were sold and the proceeds turned over to appellant Anna Ringwalt, but that such stock dividends were not paid out of its revenue surplus, but out of paid-in

surplus; and that by reason of its failure to sell the capital stock it has depreciated in value $53,693.75, and that by reason of such subsidence in values the appellant Anna Ringwalt has been deprived of income to the extent of $10,000. It further appears that the trustee filed four separate accounts all of which were approved, the final account having been settled by the court on December 9, 1931. As in the first count, the appellants rely upon the failure of the accounts to set forth the value of the shares and that the stock dividends were paid out of paid-in surplus, together with the failure to give special notice or have a guardian *ad litem* appointed for the minors, as constituting the alleged .fraudulent conduct of the trustee. It is not asserted that the accounts failed to show the exchange of stock, nor is it averred that anything was done to prevent the beneficiaries from contesting the accounts or obtaining all the information available to the trustee.

Section 1701 of the Code of Civil Procedure provided, as does section 1123 of the Probate Code, that the decree of the court settling an account, when it becomes final, is conclusive upon all parties interested in the estate, the latter section very clearly indicating the legislative intent by concluding with the words: "whether or not they are in being". In *Security First Nat. Bank* v. *Superior Court,* 1 Cal. (2d) 749 [37 Pac. (2d) 69], where many of the authorities are cited, we concluded in accordance with the sections mentioned.

We are therefore brought to the place where the question which was answered with respect to the first cause of action must be determined. Have the appellants alleged a case of extrinsic fraud? We think the answer must be the same. In both instances the proceeding was one *in rem.* The constructive notice was to all interested persons, and nothing incumbent upon the respondent was left undone.

We think the opinion should not be closed without some reference to the fact that the mother of the appealing minors, and their natural guardian, was at all times under the most solemn obligation to see that their rights were protected. (*Sohler* v. *Sohler,* 135 Cal. 323 [67 Pac. 282, 87 Am. St. Rep. 98].) If the appointment of a guardian *ad litem* for them was advisable, it can hardly be imagined that the

court would have refused her request in this particular. But we know of no like duty resting upon the respondent.

The judgment is affirmed.

Shenk, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.