[Civ. No. 15611. Second Dist., Div. One. Feb. 18, 1947.]

HURON COLLEGE (a Corporation) et al., Appellants, v. JUDD H. YETTER, as Executor, etc. et al., Respondents.

Marshall & Farnham for Appellants.

Stanton & Stanton for Respondents.

WHITE, J.—Elizabeth G. Kimmel died January 25, 1931, leaving a will which was duly admitted to probate. In such will, plaintiffs and others were named beneficiaries and defen-

dant Judd H. Yetter was appointed executor. He qualified as such executor February 27, 1931.

Defendant Anna Graham Bartlett is a sister of the testatrix, while defendant Elizabeth Bartlett Yetter is the daughter of defendant Anna Graham Bartlett and is the wife of the aforesaid executor.

Twelve orders of the probate court approving annual accounts were made in the matter of the estate of Elizabeth G. Kimmel, deceased, during the period from May 17, 1932, to November 15, 1943, both inclusive.

Plaintiffs instituted this action in equity by which a judgment is sought setting aside the orders approving the foregoing accounts, requiring the individual defendants to account as surviving partners of the decedent, and for damages in a sum equivalent to ''47% of eight thousand ($8,000.00) dollars.''

Plaintiffs' complaint embraced three causes of action, the first of which alleged that the principal asset of the estate consisted of an orange grove of approximately 10 acres immediately adjacent to an orange and lemon grove of similar acreage owned by the defendants Anna Graham Bartlett and Elizabeth Bartlett Yetter at the time of the death of said Elizabeth G. Kimmel. At the time of the death of the testatrix, the two groves were being operated by defendant Judd H. Yetter conjunctively as a partnership arrangement. That defendant executor failed to procure an accounting from the survivors of said partnership; that defendant Judd H. Yetter, in collusion with his codefendants Anna Graham Bartlett and Elizabeth Bartlett Yetter, continued to operate the Kimmel grove in conjunction with the Bartlett grove without authorization of law or order of the court, borrowed money for said operation, illegally used the credit of said Kimmel estate and incurred excessive obligations against said estate in favor of said defendants in such amounts as to practically absorb the equities of plaintiffs in said estate. That defendant Judd H. Yetter commingled funds of said estate with his own and the funds of said defendants Anna Graham Bartlett and Elizabeth Bartlett Yetter, and appropriated funds of said estate to his own use without authority of law or approval of the court.

It was further alleged in the complaint that the aforesaid twelve annual accounts were approved by the court, that no appeal was seasonably taken therefrom, and that such orders

are now final. It is then set forth that said annual accounts did not contain the true status of the estate and that, in the interest of equity and justice, the orders approving said accounts should be vacated and set aside. That the plaintiffs were nonresidents of the State of California, were not given any notice whatever of the filing of said accounts, nor of the contents thereof, and "had no opportunity or reason to doubt the good faith of said executor until in August, 1944, when the respondents through their attorney sought to purchase the interests of appellants for an amount considerably under the appraised value of said estate."

The second cause of action has been abandoned.

By their third cause of action, plaintiffs adopted certain of the allegations pleaded in their first cause of action, and further alleged that defendant executor, in collusion with his codefendants, and "with intent to defraud and cheat these plaintiffs, wrongfully and illegally, and in defiance of the orders of the court, so managed and manipulated the said Kimmel grove since the death of the said Elizabeth G. Kimmel as to wipe out the entire equity of these plaintiffs in said grove, and with the intent to eventually acquire the same at their own figure," by failing to terminate and close the proceedings, by incurring excessive obligations against said orange grove property, by failing to keep plaintiffs "informed as to the true status of affairs," and by false statements as to obligations allegedly existing against said estate.

General and special demurrers were separately interposed by each defendant. These were overruled and a joint answer filed specifically denying the allegations of fraud, deception, collusion and mismanagement of the estate as charged in the complaint. By their answer, defendants also pleaded as an affirmative defense that any and all claims on the part of the plaintiffs were barred under the terms and provisions of section 337, subdivision 2; section 338, subdivision 4; section 339, subdivision 1; and section 343 of the Code of Civil Procedure.

When the cause was called for trial, plaintiffs dismissed and abandoned the second cause of action contained in their complaint, leaving for trial the first and third counts. When the first witness was produced and sworn, defendants objected to the introduction of any testimony on the ground that the complaint did not, in either of the counts therein contained, state facts sufficient to constitute a cause of action, and that in any event, the claims were barred under the applicable

statutes of limitations as pleaded. The court sustained the objection and ordered judgment for the defendants for their costs. From such judgment, as well as from the order sustaining defendants' objection to the introduction of any evidence, plaintiffs prosecute this appeal. Does the complaint state a cause of action is the sole question presented?

We are persuaded that the query must be answered in the negative. ▮ A veritable forest of authorities indicate that equitable relief from the effect of a judgment or decree may only be obtained upon allegations and proof of extrinsic and collateral fraud. As stated in *Caldwell* v. *Taylor,* 218 Cal. 471, 477 [23 P.2d 758, 88 A.L.R. 1194] (quoting in part from *United States* v. *Throckmorton,* 98 U.S. 61, 65 [25 L.Ed. 93], " 'In all these cases, and many others which have been examined, relief has been granted on the ground that by some fraud *practiced directly upon the party seeking relief* against the judgment or decree that party has been prevented from presenting *all* of his case to the court.' (Italics ours.) This definition has become the well recognized and standard definition of extrinsic fraud. . . . It . . . must not be the fraud which is in effect the issue in controversy.'' ▮ So in a case such as the one now before us, equitable relief cannot be granted when the fraud alleged could have been relieved by the probate court itself, and the injured party had legal notice of the probate proceedings in time to make his objections to such proceedings, and was not prevented from so doing by some fraud on the part of the other parties. (*Caldwell* v. *Taylor, supra,* at p. 477.)

In the instant case it cannot be inferred from the allegations of the complaint that respondents or any of them, by act or omission, prevented appellants from presenting their contentions to the court on any of the twelve hearings had upon the orders settling current accounts. The complaint reveals that at all times appellants knew that they were beneficiaries under the will. Manifestly, they were advised of the probate of the will and had knowledge of the pendency of the probate proceedings. The law provides for the filing of annual accounts. ▮ There is no allegation in the complaint herein that the notices required by section 1200 of the Probate Code were not given, nor is there any allegation that throughout the twelve years covered by these accounts current the appellants made any request for special notice as provided for in section 1202 of the Probate Code. In the absence of any allegation

to the contrary, it will be presumed that proper notice was given to the parties. Furthermore, in *Security-First National Bk.* v. *Superior Court,* 1 Cal.2d 749, 756 [37 P.2d 69], it was held that the notice required by the section of the Probate Code is constructive notice to everyone of the pendency of the proceedings, and when a hearing has been had, and an order entered pursuant thereto, such order is conclusive upon all parties in interest. In the same case the court also said (p. 756) : "Absence of a personal notice in such proceedings does not deprive any person in interest of any of his constitutional rights." (See, also, *Estate of Leonis,* 138 Cal. 194, 200 [71 P. 171] ; *Estate of Bump,* 152 Cal. 274, 276 [92 P. 643] ; *Estate of Davis,* 151 Cal. 318 [86 P. 183, 90 P. 711, 121 Am.St.Rep. 105] ; *Lilienkamp* v. *Superior Court,* 14 Cal.2d 293, 298 [93 P.2d 1008].)

In their complaint appellants fail to allege that they themselves were without fault or to excuse their neglect to investigate the conduct of the estate by the executor. An examination of the complaint herein shows no compliance with the established rule that in an action for equitable relief based upon extrinsic fraud in obtaining an order, decree or judgment, the facts constituting the fraud must be pleaded with particularity and specifically (*Eisenmayer* v. *Thompson,* 186 Cal. 538, 541 [199 P. 798].) Moreover, there is not a single allegation in the complaint specifically asserting that the appellants were prevented by fraud from making any objections available to them in proceedings had in the probate court.

 Before a party may invoke the aid of equity for relief from a judgment he must not only allege matters wherein the judgment is unjust or was fraudulently obtained, but he must also allege that he has a meritorious defense to the action or proceeding wherein the judgment, decree or order was obtained. In other words, facts must be alleged, not merely as ultimate facts, but such facts must be alleged as would warrant the court in determining that if the facts so alleged be proven a different result would ensue. In the case at bar, the pleader in the first count sets forth no facts from which the conclusion could be drawn that were an accounting had there would be a balance in favor of or against the appellants, while in the third count no facts are recited from which the inference could be drawn that the property of the estate was sold under its market value, or that as a result of the sale the estate suffered. True, certain conclusions are set

forth, but there is no allegation that the sale was in fact consummated or was at any time approved by the probate court. There is no averment as to what action was had in the probate court with reference to such sale. For aught that appears in the complaint, the real property in question may yet be an asset of the estate. It is not alleged in the complaint that the probate court does not now have jurisdiction over the real property in question, or that any application has been made to such court in reference thereto. If the probate court still retains jurisdiction because no order of confirmation of sale was made, then a court of equity has no supervisory jurisdiction over that tribunal, nor does equity possess the power to sit in judgment on the actions of the probate court to determine whether it has committed error either in law or in fact while exercising its authority. ■ Even though a judgment or decree rendered by a court in a cause wherein it has jurisdiction of the subject matter and the parties contains error committed in the exercise of jurisdiction, such judgment is not void but merely erroneous (*Hogan* v. *Horsfall,* 91 Cal. App. 37, 42 [266 P. 1002].)

■ In the first count of their complaint, appellants alleged that the executor was negligent in failing to require an accounting from the individual respondents, that appellants are without knowledge as to whether such an accounting would have burdened or benefited the estate. Assuming that the executor, determining in the exercise of his judgment that the estate would be benefited by the action which he took, was negligent, the approval by the probate court of the annual accounts over the long period of years negatives the charge of mismanagement, negligence or fraud on the part of the executor, when, as here, there is no allegation that such conduct of the executor was without the sanction of the probate court and was not passed upon when the various accounts current were approved. ■ As heretofore pointed out, the decree of the probate court settling an account, when it becomes final, is conclusive upon all parties interested in the estate (*Carr* v. *Bank of America,* 11 Cal.2d 366, 374 [79 P.2d 1096, 116 A.L.R. 1282]; *Ringwalt* v. *Bank of America etc. Assn.,* 3 Cal. 2d 680, 685 [45 P.2d 967].)

In view of the conclusion at which we have arrived that from the allegations contained in the complaint it appears that the required notices were given to all persons interested in the estate, that nothing incumbent upon respondent execu-

tor was left undone, that no fraud was practiced directly upon appellants by which they were prevented from presenting their objections or exceptions to all proceedings in the probate court, we deem it unnecessary to discuss other points raised on this appeal. The allegations of the complaint in both the first and third causes of action, when scrutinized in the light of the rules we have herein enunciated, fail to bring the complaint within the doctrine which equity says warrants it in overthrowing the rule which upholds and maintains the sanctity of final judgments, orders and decrees. The objection to the introduction of any evidence was therefore properly sustained upon the ground of want of facts sufficient to constitute a cause of action.

The attempted appeal from the order sustaining defendants' objection to the introduction of any evidence is dismissed. The judgment is affirmed.

York, P. J., and Doran, J., concurred.