249 P.2d 948

## In re WARREN'S ESTATE.

## INMAN v. IRVING.

No. 5566.

Supreme Court of Arizona.

Nov. 17, 1952.

Byrne & Byrne, of Prescott, for exceptor and appellant.

Crawford & Baker, of Prescott, for executrix and appellee.

DE CONCINI, Justice.

The principal facts in this case are reported in Ariz., 248 P.2d 873. On this motion for rehearing we are confronted with an unusual situation. Appellee urges this rehearing upon a matter not raised in her brief or in oral argument; hence it was not before this court when we rendered our decision. Since this new matter has to do with a solemn judgment of the lower court which was not appealed from, we are obliged to grant a rehearing.

In our original opinion we set aside the allowance made to the executrix for extraordinary services in the sum of $150 per month during the probate of the estate as set forth in the final decree of distribution. Our opinion ignored the fourth account because it was not in issue. Appellee's motion for a rehearing is based on the proposition that as a matter of law our opinion, which wiped out the final decree insofar as extraordinary services were concerned, should now be rewritten so that the fourth account will be given full force and effect. We agree with appellee's contention, hence the trial court's order approving the fourth account—not having been appealed from, is final and res judicata. The order approving the fourth account granted executrix $300 per month for extraordinary services. This $300 included $100 a month that the executrix agreed should be deducted as her living expenses for the six years, thereby making the estate liable for $200 a month for her

services. The court in its decree acknowledged that due notice was given by appellee when she rendered the fourth account. This order was never appealed from by the appellant herein and therefore, according to our statutes, is res judicata.

Section 38–1313, A.C.A.1939, provides:

"*Settlement conclusive—Exception.* —The settlement of the account and the allowance thereof by the court is conclusive against all persons interested in the estate except persons under any legal disability may move, for cause, to reopen and examine the account, or may proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution. In any action brought by any such person, the allowance and settlement of the account is prima facie evidence of its correctness."

That section was taken from the California Probate Law. Estate of Sullivan, 51 Ariz. 483, 78 P.2d 132. See Cal.Civil Procedure, paragraph 1637. 12 Cal.Jur. 62, section 828, states:

"*Conclusiveness*—The statute provides that the settlement of an account and the allowance thereof by the court or upon appeal is conclusive against all persons in any way interested in the estate, except those in whose behalf the statute contains a saving clause. The settlement is, therefore, conclusive upon the heirs, legatees and creditors, or persons succeeding to their rights. * * * *The code makes no distinction as to conclusiveness of the order settling an account as between a final account and any other account.* The decree is subject to direct attack, or to attack upon appeal, but is not subject to collateral attack, where the court had jurisdiction to render it. A valid decree cannot be summarily held for naught, and a subsequent decree is void unless the first degree has been swept away." (Emphasis supplied.)

Bancroft's Probate Practice, 2d Ed., Vol. 4, section 939, p. 25, states the rule as follows:

"In the majority of states, all items and transactions properly reflected in first and intermediate accounts become, upon settlement of each account *as provided by law,* res judicata, not open to attack on settlement of subsequent accounts or on final settlement. * * * *" In re Grant's Estate, 131 Cal. 426, 63 P. 731; In re Richmond's Estate, 9 Cal.App. 402, 99 P. 554. (Emphasis supplied.)

This court in considering a somewhat similar problem in Estate of Sullivan, supra

[51 Ariz. 483, 78 P.2d 137], said, "We are inclined to think the better rule is the one laid down by Bancroft, * * *."

Accordingly our former opinion should be modified to conform with this pronouncement, and the estate distributed as follows:

| | |
|---|---|
| Total value of the estate | $21,278.70 |
| Total expenditures shown by the final account | 5,960.01 |
| Amount lower court granted executrix in her 4th accounting for extraordinary services, dated May 11, 1945, which was not appealed from | 14,400.00 |
| Leaving an estate with the net value of | 918.69 |

to be distributed as follows:

| | |
|---|---|
| ½ community property of executrix | $459.34 |
| ¼ by will to the executrix | 229.67 |
| ⅛ by will to appellant | 114.84 |
| ⅛ by will to John Warren, Jr. | 114.84 |

In all other respects the former opinion is affirmed, with costs to the appellant.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.