[Civ. No. 20765.   Second Dist., Div. One.   Dec. 28, 1955.]

Estate of MARY B. CHRISMAN GREEN, Deceased. NELLE E. GIBSON, as Administratrix With the Will Annexed, etc., Appellant, v. E. A. WINSTANLEY, as Public Administrator, etc., et al., Respondents.

William Bellamere and E. W. Miller for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), H. Eldon Dick and Henry W. Gardett, Deputy County Counsel, and Harry C. Mabry for Respondents.

DORAN, J.—This is an appeal from a judgment settling and approving an amended first account current of the public administrator, and for a preliminary distribution in the estate of Mary B. Chrisman Green, deceased.

As set forth in respondent public administrator's brief, "Mrs. Green's will left all of her property, with the exception of two small charitable bequests, to one Melba Penn. Mrs. Green's heirs contested the will and after a prolonged and bitter contest the will was denied admission to probate. An appeal was taken from the judgment. Besides the will contest there were three actions pending in which this respondent and the heirs of Mrs. Green were parties. Following the denial of Mrs. Green's will to probate, the legatee under the will, and the heirs of Mrs. Green (including the Estate of Mr. Green) entered into an 'Agreement of Settlement and Compromise' dated October 20, 1952, and at the same time the contestants and heirs (including the Estate of Mr. Green), together with Attorney Harry C. Mabry (representing contestants under a contingent fee agreement), entered into an 'Agreement' providing for the settlement of the will contest and other litigation and providing for the distribution of the estate assets. The above is set forth to show that neither the Estate of Mr. Green nor Nelle E. Gibson (appellant), individually, were entitled to anything from Mrs. Green's Estate under her will." Nelle E. Gibson was a niece of J. Mayer Green, deceased, and was not a relative of Mrs. Green.

Upon being presented with the compromise agreement, the public administrator, representing Mrs. Green's estate, petitioned the probate court under the provisions of section 718.5 of the Probate Code, for authority to compromise. On December 22, 1952, the compromise was duly approved, and pursuant to the agreement, the public administrator was directed to execute a deed to the estate of Mr. Green, covering the so-called Rodeo property, originally inventoried as a part of Mrs. Green's estate, and later, by a corrected inventory, taken out of Mrs. Green's estate. No appeal was taken from these orders.

Appellant's claim, as disclosed by the briefs filed, is that the judgment appealed from "was erroneous, without jurisdiction and void," for the reason that appellant Nelle E. Gibson did not have personal notice of the hearing on the petitions to compromise and for distribution; that the compromise agreement on which the order was made, "is void as against, and not binding on, appellant, who did not sign it," that the orders were the result of a clerical error, and that the trial court "erred in denying appellant's motion to vacate and set aside the orders of January 9, 1953, purporting to approve the compromise agreement."

In conjunction with these contentions is the assertion that Harry C. Mabry, attorney for respondents, Ona M. Munyon, Syneva Vedvig and Mignon P. Chrisman, and formerly appellant's attorney, is the real party in interest; that "the preliminary distribution judgment purports to confirm his self-allotment by assignments in the void compromise agreements," in reference to contingent attorney fees under contract between Mabry and "his favored clients." The attorney's procedure is also assailed on the ground of fraud, representing alleged conflicting interests, "leading the court astray," etc., and the circumstances are alleged to constitute extrinsic fraud, on account of which the judgment may now be attacked.

Appellant's contention that the trial court was without jurisdiction to make the orders approving the compromise, because appellant was not personally served with notice of the hearing, is untenable. As pointed out in the public administrator's brief, section 718.5 of the Probate Code. under which the petition to compromise was filed, provides that "notice thereof shall be given for the period and in the manner required by Section 1200 of this Code," which latter section provides that the clerk is to post notice of hear-

ings with the provision that a person may request that special notice be given to him or his attorney. Notice of the hearing in question was properly posted.

In this connection it may be noted that previous to the hearing appellant's then attorney, Harry C. Mabry, had filed a request for special notice of proceedings in the estate. Thereafter, just previous to the hearing, Mabry filed a waiver of such special notice previously requested for appellant. Appellant's brief admits that Mabry "requested Special Notice to Nelle E. Gibson, but that such notices should be mailed to his office," and asserts that the subsequent waiver of such notice was without appellant's consent. If this assertion be assumed to be correct it does not advance appellant's cause, which is a collateral attack upon the compromise orders. ■ Each of them recites "all notices of said hearing having been given as required by law" and does not disclose upon its face any failure to comply with demand for personal notice. There is therefore a presumption that all requisite notices were given (*Huron College* v. *Yetter*, 78 Cal.App.2d 145, 149 [177 P.2d 367]; *Security-First Nat Bank* v. *Superior Court,* 1 Cal.2d 749, 754-756 [37 P.2d 69])

■ Moreover, the filing of the petition conferred jurisdiction; failure to give notices required by law may constitute extrinsic fraud, but does not impair the jurisdiction conferred by the filing of the petition and cannot be considered upon this collateral attack. (*Security-First Nat. Bank* v. *Superior Court, supra,* p. 755.)

It is true that appellant did not sign the compromise agreement; Nelle E. Gibson was not an heir of Mrs. Green nor a beneficiary under Mrs. Green's will. The heirs of Mrs. Green included the estate of Mr. Green but did not include appellant, and the executor of Mr. Green's estate signed the settlement agreement which was thereafter given court approval. The two estates are not, as appellant seems to assume, interrelated and directly involved in the present controversy; the judgment appealed from was entered in the estate of Mrs. Green.

■ The orders made by the probate court on December 22, 1952, authorizing the compromise of which appellant now complains, were, as pointed out by respondents, appealable under the provisions of section 1240 of the Probate Code. No appeal was taken by any party from these orders, and the same then became final. The situation is therefore similar to that in *Estate of Lucas,* 23 Cal.2d 454 [144 P.2d 340] where

the reviewing court held that an order for compromise is appealable and cannot be collaterally attacked. "The judgment is conclusive unless wholly invalid on its face, that is, unless its invalidity appears from the judgment roll." Notwithstanding appellant's arguments to the contrary, the record fails to disclose any such invalidity.

■ Moreover, as stated in *Security-First Nat. Bank* v. *Superior Court,* 1 Cal.2d 749 [37 P.2d 69], and elsewhere, a probate proceeding is *in rem,* and the filing of the petition vests jurisdiction. ■ The constructive notice required by section 1200 of the Probate Code was duly given in the instant case, and under the terms of said section, "such order when it becomes final shall be conclusive upon all persons."

It is to be noted that Nelle E. Gibson, appellant herein, acting as representative of Mr. Green's estate, and as an individual, attacks not only the orders and judgment entered, but also the compromise agreements approved by the court, under which a parcel of real estate known as the Rodeo property was conveyed to Mr. Green's estate. As pointed out in the respondents' briefs, appellant has made no offer to return this property or to otherwise restore the parties to status quo.

■ It is fundamental that compromises are favored in the law, and notwithstanding appellants' averments to the contrary, the record discloses benefit rather than detriment resulting therefrom, including the ending of protracted and expensive litigation.

A survey of appellant's briefs would seem to indicate that one of the chief grounds for complaint is the amount of contingent fees payable under contracts made between Attorney Harry C. Mabry and clients. Yet it appears that appellant had full and complete knowledge as to the fee agreement of April 28, 1950, and in writing approved "the foregoing (agreement) on behalf of my uncle, J. Mayer Green." Furthermore, as respondents point out, the appellant "personally participated in the trial of the will contest, knowing that Mr. Mabry was representing all contestants." In this connection it must be again mentioned that neither appellant nor J. Mayer Green, deceased, were mentioned in Mrs. Green's will. The assertion that appellant was kept in ignorance of what went on is not borne out by the record.

Appellant's other contentions that fraud has been committed in reference to the compromise settlement and judg-

ment rendered, both as to the trial court and in respect to appellant's fundamental rights likewise finds no support in the record of what transpired. Nor does it appear that the attorney represented conflicting interests, or that any of the proceedings were irregular in any material respect.

It is stated that appellant "still has her rights in a court of equity, if this final effort for relief at law fails." Whatever these rights may or may not be, on this appeal it must be held that the judgment entered is valid and that appellant's fundamental rights have in no manner been prejudiced.

The judgment is affirmed.

White, P. J., and Ashburn, J. pro tem.,* concurred.

A petition for a rehearing was denied January 20, 1956.

*Assigned by Chairman of Judicial Council.