## Bowes *against* Seeger.

Mortgagee assigns his mortgage and accompanying bond and warrant to two trustees in trust for the use of his daughter and her children. Payment by the debtor to one of these trustees discharges the debt.

ERROR to the District Court for the city and county of *Philadelphia*.

Scire facias on a mortgage, in which Frederick Seeger and Franklin Comly, trustees of Louisa Maria Sommer, were plaintiffs, and John Bowes defendant, and a verdict and judgment were rendered for the plaintiffs. The facts, so far as material, were these:

On the 2d April 1832, John Bowes, the defendant, mortgaged a lot in Green street to Christian Bethausen as security for the payment of $1400 with interest in one year. On the 23d August 1832, Bethausen and wife, by indenture between himself of the one part; and Frederick Seeger and J. S. Clark of the other, assigned to Seeger and Clark several lots and pieces of ground in Lower Dublin township, Philadelphia county, which had formerly been conveyed to him, and also the above-mentioned indenture of mortgage and the premises conveyed by it and the bond and warrant to secure which it was given, stating it to be filed of record in the office of the Prothonotary of Philadelphia county, to hold to them and the survivor of them and the heirs &c. of such survivor, in trust to let the real estate and keep invested the mortgage money and pay over the income to the separate use of his daughter Louisa Maria Sommer for life, and afterwards of her children, on failure of whom in trust for the right heirs of Christian Bethausen—a portion of the rents &c. necessary, to be applied to the maintenance of his wife Mary Bethausen for life in case of demand. By an indorsement dated 23d August 1832, C. Bethausen also assigned the mortgage to Seeger and Clark. The interest was paid to Clark up to 3d April 1834. The defendant offered to show that on the 11th April 1834, Bowes paid Clark $450 on account, and took his receipt for it. The plaintiffs objected to this

[Bowes v. Seeger.]

evidence, and the court rejected it. It was in relation to this payment the question arose.

The plaintiffs also proved Seeger's declaring his knowledge that he was trustee with Clark; that Seeger and Clark, on the 1st April 1834, leased some of the lots conveyed by the trust deed to a tenant on rent for two years; that Mrs Bethausen was dead, and that Clark was dismissed from the trust by order of court in September 1841, and Franklin Comly appointed in his place.

Various bills of exception were taken by the defendant on the trial, but the only one argued and decided here was as to the payment of the $450 to Clark.

*Brooke*, for the plaintiff in error, contended that the payment to Clark was good, and was a valid discharge for the $450. He cited 3 *T. R.* 592; 3 *Dane's Ab.* 467; 4 *Watts & Serg.* 13; *Lewin on Trusts* 21; 1 *Anst.* 86; 2 *Kent's Com.* 614; 1 *Story's Eq.* 375; 4 *Wend.* 465.

*Newcomb*, contra, insisted that the payment to one of the trustees was no discharge; that both should have joined in the receipt to render it valid. *Jer. Eq.* 159; 1 *P. Wms.* 81, 242; 1 *Barn. & Ald.* 566; 2 *Vern.* 515; *Lewin on Trusts* 265, 271; 11 *Vez.* 324; 4 *Vez.* 97; 19 *Vez.* 693; 3 *Atk.* 695.

PER CURIAM.—Only one of the exceptions has been pressed, but it is a fatal one. Between the mortgagor and the mortgagee, the money was not a trust fund. It was an ordinary debt for the price of the property, on which the mortgage stood as a security; and what mattered it to the mortgagor that the mortgagee assigned the mortgage in trust for a stranger? He could not change the nature of the original relation, or increase his debtor's responsibility and risk on the score of mispayment. A purchaser from trustees, knowing that he must see to the application of the purchase money, knows what he has to encounter when he makes his bargain, and he takes the responsibility accordingly. But he incurs no responsibility of which he was not apprized; for where the sale is a breach of trust, he is not affected by it if he knew not of it. There was no trust in existence when this mortgage was executed, and the assignment did no more than substitute joint creditors for a single one. It is very clear, then, that payment to a joint creditor, of which his receipt is evidence, discharges the debt.

Judgment reversed, and *venire de novo* awarded.