## HENRY POWLES *vs.* HEZEKIAH JORDAN.

*Admissibility of Evidence—Married woman—Next friend—*
*Irregularity—Conclusiveness of Judgment—Execution of a*
*Power—Consent to the Execution of a Power—Extinction of*
*Power.*

In an action of ejectment, the plaintiff, to prove his title to the property in controversy, offered in evidence the transcript of a record from the Circuit Court of Baltimore City, by which it appeared that a petition had been filed by a married woman in her own name, without the intervention of a next friend, for the appointment of a trustee in the place of the original trustee, deceased, and that the Court passed its decree making the appointment as prayed. On objection to the admission of the transcript in evidence upon the ground that the proceeding was instituted by a married woman, in her own name, and not by next friend, it was HELD:

That the transcript was admissible; the Court having ample jurisdiction to grant the relief sought in the case, the mere irregularity on the part of the petitioner in proceeding in her own name, and not by next friend, did not render the decree of the Court void.

While the judgment of a Court acting within the limits of its jurisdiction, stands unreversed, it must be accepted as conclusive by all other Courts.

By a deed from L. and wife, certain land was conveyed to W. C., his heirs and assigns, in trust for the sole and separate use of J., a married woman, with a limitation over of the equitable estate after her death. She had the power, however, to defeat this limitation, by selling, conveying and disposing of the whole of the property; but this power was to be exercised with the approbation and consent of W. C., and not otherwise. W. C. died, and by a decree of the Circuit Court of Baltimore City, J. W. J. was appointed trustee in his place. J. with the approbation and consent of J. W. J., and purporting to be in execution of this power, executed a deed of the property to P. In an action of ejectment by P. to recover this property, he offered in evidence in support of his title, this deed to himself from J. and J. W. J. On objection to its admission in evidence, it was HELD:

1st. That the approval and consent required of W. C. to the execution of the power, was entirely personal, and did not belong to the estate which he held as trustee; and that having died before the execution of the power, it was gone.

2nd. That as the deed to P. purported to be made in execution of the power, and derived all its efficacy from it, and as the power was' extinct and incapable of being executed, no title was conveyed to him, and the deed was not admissible in evidence.

APPEAL from the Circuit Court for Carroll County.

The appellant brought an action of ejectment against the appellee for a tract of land situated in Carroll County. The plaintiff offered in evidence a deed from Jacob Reese and wife to John Lammott conveying the lands in controversy; and also a deed for the same lands from John Lammott and wife to William Cock. This deed conveyed the lands to Cock, his heirs and assigns, upon the following trusts: "In trust and confidence, nevertheless, and to and for, and upon the uses and the ends, intents and purposes, and with, under, and subject to the powers, provisions and agreements hereinafter expressed and declared, of and concerning the same, that is to say: In trust for the sole and separate use and benefit of Eliza Jane Jordan, wife of Hezekiah Jordan, so that she be suffered and permitted, with the approbation and consent of the said William Cock, and not otherwise, to sell, convey and dispose of the whole or any part of the estate and property hereby granted and conveyed, or the rents, issues and income of the same, to have, receive, take and apply to her sole use and benefit, her coverture notwithstanding, or whether she be sole or covert, so that no part of the said estate and property, or rents thereof, shall, at any time hereafter, be subject to the power, disposal or control of her present or any future husband, nor be in any manner liable or bound for or by his contracts or engagements; and from and immediately after the decease of the said Eliza Jane Jordan, then as to so much of the said estate

and property hereby granted and conveyed as shall remain undisposed of by her, with the approbation and consent as aforesaid, in trust for the purpose, use, benefit and behoof of such person or persons, as would, by the now existing laws of the State of Maryland, be entitled to take an estate in fee simple in lands by descent from the said Eliza Jane Jordan, and for the heirs and assigns of such person or persons forever, and to and for and upon no other use, intent or purpose whatsoever." It was admitted that Eliza Jane Jordan was the wife of the defendant, and was living apart from him. It was also admitted that William Cock died in 1856, and left a last will and testament. in which he made the following devise: "I give and bequeath to my daughter, Elizabeth Jane Jordan, the farm in Carroll County, for which she now holds a deed in trust, for her use and benefit, her husband to have no control over it." The plaintiff then offered in evidence a transcript of a record from the Circuit Court of Baltimore City. This transcript shows that a petition was filed by Eliza Jane Jordan in her own name, without the intervention of a next friend, for the appointment of a new trustee in the place of William Cock, deceased; and that John W. Jordan was appointed by the Court in his place. The decree stated "that John W. Jordan be, and he is hereby clothed with all the powers which were conferred on said William Cock" by deed to him from John Lammott and wife. The defendant objected to the admission in evidence of said transcript, but the Court (JONES, J.) overruled the objection and admitted the transcript. The defendant excepted. The plaintiff then offered in evidence a deed from Eliza Jane Jordan and John W. Jordan to the plaintiff, which purported to convey the lands in question. The deed recited the deed from Lammott and wife to Cock in trust, the death of Cock, the appointment of John W. Jordan in his place by the Circuit Court of Baltimore City, and then recited as follows: "And whereas, the

said Eliza Jane Jordan, in virtue and exercise of the powers of sale on her conferred, in and by said deed from said John Lammott and wife, to the said William Cock, has, with the approbation and consent of the said John W. Jordan, trustee as aforesaid, sold the whole of said property to the said Henry Powles for the consideration hereinafter mentioned. And whereas, it is deemed necessary that the said John W. Jordan, as trustee as aforesaid, should unite in a conveyance of said property, as well as for the purpose of conveying the legal title to the said Henry Powles, as to manifest his approbation and consent as trustee to the sale and conveyance of said property." Then followed the statement that "Eliza Jane Jordan and John W. Jordan, in consideration of the premises and of the sum of two thousand dollars in hand paid by the said Henry Powles, have granted, bargained, sold, aliened, enfeoffed, and conveyed, and by these presents do grant, bargain, sell, alien, enfeoff and convey unto Henry Powles, his heirs and assigns" the lands in controversy. The defendant objected to the admission of said deed in evidence, and the Court sustained the objection, and refused to admit it. The plaintiff excepted, and the verdict and judgment being rendered for the defendant, the plaintiff appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, RITCHIE, and BRYAN, J.

*Thomas A. Murray,* and *William P. Maulsby,* for the appellant.

*J. A. C. Bond,* and *Charles B. Roberts, Attorney-General,* for the appellee.

BRYAN, J., after stating the case, delivered the opinion of the Court.

Powles *vs.* Jordan.

The appellee took an exception to the admission in evidence óf the transcript from the Circuit Court of Baltimore City. The objection urged against its competency is that the proceeding was instituted by a married woman suing in her own name, and not by next friend. It was undoubtedly an error to disregard the provision of the statute in this particular; but the Court had ample jurisdiction to grant the relief sought in the case, and it has never been held that errors and irregularities would render a decree or judgment void, when the Court was acting within ·the limits of its jurisdiction. When a Court has power to hear and determine a cause, the only remedy, if it should commit errors, is by an appeal to a superior tribunal. While its judgment stands unreversed, it must be accepted as conclusive by all other Courts. But if it determines a question, which it has not the legal competency to entertain, its decision is a mere nullity. These principles are as firmly settled as any known to the law. We think that the transcript was properly admitted in evidence.

The Court refused to admit in evidence the deed from Mrs. Jordan and John W. Jordan to Henry Powles; and to this refusal the appellant took an exception. By the decree of the Circuit Court, John W. Jordan was appointed trustee in the place and stead of the original trustee, who was deceased. He took all the estate belonging to the original trustee, and was invested with all the powers belonging to him, so far as they were attached to the office and duty of trustee. By the deed from Lammott and wife to William Cock the land in question was conveyed to Cock, his heirs and assigns, in trust for the sole and separate use of Mrs. Jordan, a married woman, with a limitation over of the equitable estate after her death. She had the power, however, to defeat this limitation, by "selling, conveying and disposing of the whole of the property;" but this power was to be exercised "with the approbation and consent of the said William Cock, and

not otherwise." The deed to Powles was made with the approbation and consent of John W. Jordan, the succeeding trustee; but Cock never gave any approval or consent to it; it having been, in point of fact, made more than ten years after his death. The confidence in this particular reposed in Cock was entirely personal, and did not belong to the estate, which he held as trustee. It is perfectly well settled by the authorities that where the consent of any person is required to the execution of a power, the condition must be strictly complied with; and if the person, whose consent is necessary, die before the execution of the power, and without having assented, the power is gone. *Sugden on Powers, marginal page* 319. The devise in the will of William Cock cannot be construed into an assent to the execution of the power. It makes no reference to it in any way. As the deed to Powles purports to be made in execution of this power, and derives all its efficacy from it; and as the power was extinct and incapable of being executed, no title was conveyed to him. The Court therefore, properly refused to admit the evidence.

*Judgment affirmed.*

(Decided 14th November, 1884.)