O'BRIEN, trustee, *v.* BATTLE *et al.*

Where a testator appointed his wife the sole executrix of his will, and after therein conferring upon her certain powers in the capacity of trustee, further provided as follows: "If my executrix, who is hereby appointed trustee of the property willed in this item, shall die before the trusts herein provided for are completed, or she shall become unable to exercise the same or unwilling to do so, then a new trustee may be appointed by my said executrix by an instrument in writing for that purpose in the nature of a will or deed as she may select or prefer"; and where, upon the death of the wife, the testator, by a codical to the will, appointed two persons executors " with all the powers both as executor and trustee granted by the terms of said will to my said wife ": *Held,* that the testamentary scheme contemplated the continuous management of the trust properly by two trustees and not by one only; that upon the death of one of the trustees without a successor having been appointed, the joint powers conferred upon both by name did not survive to the other; that the latter could not fill the vacancy by appointing a cotrustee to act with himself; that the power to do so devolved upon the judge of the superior court and could be exercised by him upon a proper petition for that purpose presented by the *cestuis que trust,* and that it was his duty

to appoint such cotrustee notwithstanding the fact that the survivor objected to his so doing.

August 18, 1896.

Equitable petition. Before Judge Reese. Warren superior court. October term, 1895.

*W. M. Howard* and *James Whitehead*, for plaintiff in error. *M. P. Reese*, contra.

SIMMONS, Chief Justice.

Mary L. Battle, Minnie A. Battle, B. L. Battle and James H. Battle brought their petition against E. S. O'Brien, trustee, and Maud B. Smith, praying the appointment of Minnie A. Battle as cotrustee with E. S. O'Brien. At the hearing O'Brien demurred to the application. No evidence was introduced, but it seems that the allegations of fact in the petition were treated by counsel on both sides and the judge as true. The judge below overruled the demurrer and passed an order appointing Minnie A. Battle cotrustee; whereupon O'Brien excepted.

The petition alleged: Petitioners, with Maud B. Smith, are all of the children of Lawrence Battle and they are now of full age. Lawrence Battle died in Warren county in 1878, leaving a last will which was duly probated. By a codicil to this will, executed January 16, 1878, and which was proved and admitted to record, he appointed as his executors to carry out the will and as trustees under the same, his brother James J. Battle, and his brother-in-law E. S. O'Brien, both of whom qualified and took upon themselves the duties of executors and trustees under the will. Under the fifth item of the will there passed to the trustees 170 shares of stock in the Georgia Railroad & Banking Company. By the terms of the will the trustees are given a large discretion as to said trust property, being allowed to sell the same and reinvest the proceeds at any time they may deem prudent and wise. The income of dividends arising from the stock the trustees are required to collect

and divide among the children of the testator in equal shares, both before and after they become of age, the corpus of the trust fund to be held intact by the trustees for the grandchildren of the testator. The petition further alleged that it was the purpose and plan of the testator that there should be at all times two trustees to hold and look after the management of said trust fund, and in accordance with such purpose and plan he provided in the fifth item of the will that said trustees might appoint successors to themselves by a writing for that purpose, either in the nature of a will or deed; and that in 1895 James J. Battle died without having exercised this power of appointment, so that now E. S. O'Brien is the sole trustee. Petitioners prayed for an order appointing Minnie A. Battle one of their trustees in the place of James J. Battle, alleging that she was in every way qualified to perform all the duties of such office.

It appears from the copy of the will attached to the petition, that the testator appointed his wife his sole executrix, and after conferring upon her in the capacity of trustee certain powers of the nature above stated, further provided, in the fifth item, as follows:

"If my executrix, who is hereby appointed trustee of the property willed in this item, shall die before the trusts herein provided for are completed, or shall become unable to exercise the same, or unwilling to do so, then a new trustee may be appointed by my said executrix by an instrument in writing for that purpose, in the nature of a will or deed, as she may select or prefer."

The codicil was as follows:

"My wife, who was appointed executrix of said will, having died, I hereby appoint my brother James J. Battle, and my friend E. S. O'Brien, executors of said will, with all the powers both as executors and as trustees granted by the terms of said will to my said wife."

The grounds of demurrer were: (1) that the facts alleged in the petition were not sufficient in law to authorize the appointment of a cotrustee; and (2) that there was no

vacancy in the office of trustee, the entire trust having devolved by operation of law upon the surviving trustee upon the death of his cotrustee.

Where a will confers upon two trustees a power not coupled with an interest, and no words of survivorship are used in the instrument, the presumption of law is that the grantor contemplated a joint execution of the power, and the survivor cannot execute it; and even where the power is coupled with an interest, the survivor cannot execute it if it appears to have been the intention of the testator that the power should not be exercised by one alone. In Chance on Powers, vol. 1, §§645, 646, it is said: "That a power vested in two or more cannot, on the decease of one or more of the donees, be executed by the survivors or survivor, is perfectly clear; the rule of law is, that powers will not in themselves survive. Not, as is observed by Wilmot, Lord Commissioner, in Mansell *v.* Mansell, that there is anything ' in an authority incompatible with its surviving' (or its being limited to be exercised by a surviving party) ' but if I say I will trust two, the law will not say I shall trust one; it is a joint confidence; but if it is limited to the survivor, it is saying I will trust two as long as they live, and afterwards one of them.' . . . Even as to trusts, which in general survive with and accompany the estate or interest to which they are annexed, a contrary intention sometimes may be collected, and will prevail."

In this instance the testator indicated the number which he deemed necessary for the proper administration and safety of the trust fund, by appointing two persons as trustees, and at the same time making provision for substitution in the event of the death of one of them, as he did in expressly granting to them all the powers which he had before granted to his wife as trustee, one of which was the power of appointing a successor in the trust. It is apparent, therefore, that the testamentary scheme contemplated the continuous management of the trust property by

two trustees, and not by one only. This power of appointment which was committed jointly to the trustees, and which they failed to exercise, could not upon the death of one of them be exercised by the other. "The power of appointing other trustees can be exercised only by those to whom it is expressly given: . . . so if the power be given to particular persons by name, without saying more or adding words of survivorship, it must be exercised jointly, and upon the death of one of them, the power will be gone." 1 Perry on Trusts, §294. No trust, however, shall fail for the want of a trustee; and upon the death of the trustee in this instance without the appointment of a successor, the power devolved upon the judge of the superior court upon a proper petition for that purpose by the *cestuis que trust*. "The *cestuis que trust* are entitled to have custody and administration of the trust fund confided to proper persons and a proper number of persons. If the original number of trustees is reduced by death, the *cestuis que trust* may call upon the court to appoint new trustees in place of those deceased." 1 Perry on Trusts, §275. And see *White* v. *McKeon*, 92 *Ga.* 343. Under the facts of this case we think the discretion of the court was properly exercised.                    *Judgment affirmed.*

Cited for plaintiff in error: 75 Md. 252, 1 Dick, 168; 62 Md. 503; 3 N. J. Eq. (2 H. W. Green), 84, 131; 2 Johns. Ch. 1; 10 Pet. 563; Freeman, Cotenancy and Partition, §43; 64 *Ga.* 332.

Cited for defendant in error: Tiffany & Bullard on Trusts, pp. 366, 376, 385; Perry on Trusts, §§275, 277, 286; 92 *Ga.* 343; 121 Mass. 568; 31 N. J. Eq. 37; 65 Maine, 102; 12 Pick. 445; 12 Cush. 41.