Central Trust & Savings Company et al., Trustees, *v.* Walters et ux., Appellants, et al.

Argued January 5, 1934. Before FRAZER, C. J., KEP-HART, MAXEY, DREW and LINN, JJ.

*John V. Lovitt,* with him *Boyd Lee Spahr,* of *Ballard, Spahr, Andrews & Ingersoll,* for appellants.

*Arthur S. Minster,* with him *Cohan & Schumacker,* for appellees.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 9, 1934:

Jonathan Powell died January 11, 1882, and by his last will and testament left the residue of his estate in trust for designated purposes, naming Joseph L. Atkinson, Joseph H. Chubb and William Powell, executors and trustees. Acting under the powers conferred upon them by the will, the trustees invested $2,000 in a mortgage given by one Haeckly and his wife, then owners

of premises 1503 Moyamensing Avenue, Philadelphia, which was duly recorded May 12, 1910. In 1914, two of the trustees, Chubb and Powell, died, and no persons were appointed in their stead, although the twelfth paragraph of the will provides: "It is my will and desire that the number of my Executors and Trustees under this my Will, shall not be less than three, and if from death, resignation or any other cause they shall be reduced below that number, then and in such case, and as often as the same shall happen, I order and direct that the survivors or survivor of them shall with the consent of a majority of my then living children, nominate and appoint some suitable person or persons, to fill such vacancy or vacancies, and thereupon such person or persons, after being duly qualified, shall have the same powers, rights, privileges and duties as my Executors and Trustees hereinafter appointed."

The surviving trustee, Joseph L. Atkinson, continued the management of the estate until his death, September 15, 1917. From that time until 1930, when substituted trustees were appointed, the duties of the trust were performed by J. Powell Atkinson, executor and sole heir at law of the estate of his father, Joseph L. Atkinson. On May 2, 1919, the Real Estate Title Insurance & Trust Company drew a check in the sum of $2,-052.10 to the order of "Joseph L. Atkinson, Executor and Trustee, J. Powell Atkinson" and delivered it to J. Powell Atkinson, intending it to be payment of the then overdue mortgage indebtedness on 1503 Moyamensing Avenue. It was not until nearly nine years later (January 19, 1928) that J. Powell Atkinson endorsed this check and deposited it in his personal account, using the proceeds thereof for his own purposes. The mortgage was marked satisfied by the recorder of deeds on November 17, 1928, by virtue of a power of attorney to Jacob Goshko bearing the same date, executed by J. Powell Atkinson and Catharine E. Atkinson, the latter

being coexecutor with J. Powell of the estate of her husband, Joseph L. Atkinson.

On February 20, 1931, substituted trustees, appointed by the Orphans' Court of Philadelphia County, presented their bill in equity to have the satisfaction of the mortgage stricken from the record and to have the encumbrance declared a valid lien upon the premises. Defendants, who obtained title to the property in question in 1920, are the successors in interest of the original mortgagors. After hearing testimony on the matter the lower court granted the prayer of the bill. Defendants appeal.

Appellants contend that J. Powell Atkinson, as executor of his father's estate, was vested with title to the assets of the trust created by Jonathan Powell, and had power to receive payment of the mortgage indebtedness and to enter satisfaction thereof. This argument overlooks the fact that the surviving trustee, Joseph L. Atkinson, was without authority to manage the estate alone and his personal representative could, of course, have no higher right. The settlor provided that the number of trustees should "not be less than three" and directed that suitable persons be appointed to fill vacancies whenever occurring. As further evidence of the fact that he desired his estate to be managed by three persons at all times and had no confidence in any one individual, he directed that "one of my Executors and Trustees shall not be liable for the acts of the other or others of them but each of them to be liable for his own acts only, and the moneys that may come into his own hands." For that reason we are of opinion the authority conferred upon the original trustees did not vest in the sole survivor.

The Act of May 3, 1855, P. L. 415 (now repealed as to testamentary trustees by the Fiduciaries Act of 1917), which was a supplement to the Act of June 14, 1836, P. L. 630, and was in effect at testator's death, provides: "Whensoever any trust, power or authority shall be

......conferred on two or more persons by name, and one or more of them shall die, renounce or be legally discharged from fulfilling such trust, or exercising such power, the survivors or survivor, or remaining trustees, shall have and exercise all the title and authority which the whole might have done, *unless the trust or power conferred, shall require the whole number to act,* in which case the vacancies shall be filled in manner provided by the act to which this is a supplement." (Italics ours.)

Under the statute just quoted, it is clear that the surviving trustee of Jonathan Powell could not act alone in the trust, inasmuch as the will required all to act. The common law rule is the same and is recognized by prominent text-writers: Perry on "Trusts and Trustees," 7th ed., volume 1, page 689.

As to the equities of the case, there is nothing in the position of appellants which commends itself to us. At the time appellants took title to the premises the mortgage was of record, and was not satisfied until eight years later. Had they investigated the matter they would have known the true situation as to the management and control of the trust estate. Furthermore, the payment of the settlement check by the Real Estate Land Title & Trust Company to the executor of the surviving trustee was indefensible. As a corporation familiar with such matters, it was the duty of the company to ascertain the authority of J. Powell Atkinson to receive the mortgage principal, and in default of such right, to demand appointment of substituted trustees. This it failed to do. "A purchaser from trustees, knowing that he must see to the application of the purchase money, knows what he has to encounter when he makes his bargain, and he takes the responsibility accordingly": Bowes v. Seeger, 8 W. & S. 222, 223.

The decree of the court below is affirmed.