[Civ. No. 17483.   First Dist., Div. Two.   Oct. 18, 1957.]

Estate of GEORGE TOURNY, Deceased. MARGUERITE T. MEIGS, Appellant, v. HELEN D. FRIETZSCHE, as Executrix, etc., et al., Respondents.

Sullivan, Roche, Johnson & Farraher for Appellant.

Thomas Ashby, Orrick, Dahlquist, Herrington & Sutcliffe, James D. Adams, Arthur R. Albrecht, and McCutchen, Thomas, Matthew, Griffiths & Greene for Respondents.

DRAPER, J.—This is an appeal by one beneficiary of a testamentary trust from an order settling and approving a trustee's account, and overruling exceptions thereto. George Tourny died March 21, 1933, leaving a will which distributed the residue of his estate, after specific bequests, to J. Bicknell Tourny and Albert Frietzsche, in trust. Decree of final distribution, dated August 29, 1934, distributed the property to the named trustees, and provided:

"In case either the said J. Bicknell Tourny or the said Albert Frietzsche is at any time unable or unwilling to act as trustee of the said trusts, Adolph Rosenthal . . . is hereby appointed as substitute trustee to act as trustee of the said trusts in the place and stead of such trustee who is unable or unwilling to act. If at any time two of the said three persons are unable or unwilling to act, the remaining one shall act as sole trustee."

The trustees accepted the trust and undertook the discharge of their duties, continuing as joint trustees until the death of J. Bicknell Tourny October 11, 1950. On May 19, 1951, Frietzsche filed "Fifteenth Annual Report and Account of Surviving Trustee." This report recited the death of the co-trustee, and prayed for settlement of the account and for an order "finding and decreeing that said J. Bicknell Tourny having died, petitioner is the sole surviving trustee. . . ." The probate court, by order dated June 5, 1951, found that notice of hearing "was given in all respects as required by law," that the account was correct, and that Frietzsche "now is the sole surviving trustee." Thereafter, Frietzsche filed three further annual accounts, each as "surviving trustee," and each was approved by the court.

Shares of The San Francisco Bank were the principal asset of the trust. In June, 1954, Transamerica Corporation offered to purchase all outstanding shares of The San Francisco Bank at a price fixed in the offer. Frietzsche discussed this offer with appellant who, according to a later letter from her attorney, "would not either agree or disagree" that the stocks should be sold. In September, 1954, Frietzsche, as trustee, sold 75 per cent of the trust holding pursuant to this offer.

Appellant first complained to Frietzsche about this sale in December, 1954. Frietzsche died July 15, 1955. His executrix filed an account of his trusteeship March 23, 1956. This account recited the above sale. Appellant excepted to the account upon the ground that Frietzsche was not the sole surviving trustee, since Adolph Rosenthal, the substitute trustee named in the will, is still alive. Rosenthal, on August 10, 1955, filed his declination to act as trustee. The principal attack was upon the sale of the bank stock. The exceptions were disallowed and the account was settled and approved. The court found that Frietzsche had at all times acted in the highest good faith and for the best interest of the trust estate; that the sale was in the best interest of the trust estate; that Rosenthal never accepted the trust and that his qualifications to serve as trustee never were determined; that Frietszsche was, by the order of May 19, 1951, determined to be the sole surviving trustee; that from the death of J. Bicknell Tourny, October 11, 1950, to the death of Frietzsche, July 15, 1955, Frietzsche acted as sole surviving trustee with the "knowledge, acquiescence and approval" of appellant and all other persons interested in the trust.

Appellant argues that the sale by Frietzsche is void. The contention is that Rosenthal was appointed substitute trustee by the decree of distribution, subject only to defeasance of the appointment by his inability or unwillingness to act, and that on the death of J. Bicknell Tourny there were two trustees unless and until the court found that Rosenthal was unable or unwilling to act. Relying upon the established rule that one of two trustees cannot, alone, act for the trust, appellant contends that all acts of Frietzsche after the death of his cotrustee are void. But acceptance by the trustee is required. (Civ. Code, § 2222.) Here it is clear that Rosenthal never accepted the trust. There is some suggestion that acceptance by Rosenthal should be presumed. ▮ However, acceptance will not be presumed where it is not necessary to the validity of the trust, (1 Scott on Trusts, 2d ed., p. 756) and such necessity does not exist here. There is some testimony, and appellant strongly urges, that Rosenthal never had any knowledge of the trust. Obviously, he could not be presumed to accept a trust without any knowledge of its existence.

▮ Appellant next argues that, even if Rosenthal were not in fact a trustee from the date of J. Bicknell Tourny's death, the decree of distribution required a minimum of two trustees, and that thus a vacancy existed, rendering void all

actions of Frietzsche until the vacancy was filled. This argument overlooks the specific provision of the decree of distribution that "If at any time two of the said three persons are unable or unwilling to act, the remaining one shall act as sole trustee." Thus the trust instrument clearly and specifically permits administration by a single trustee. This provision distinguishes the case at bar from *Drinkhouse* v. *Birch Ranch & Oil Co.*, 97 Cal.App.2d 923 [219 P.2d 45], relied upon by appellant. There, two corporations agreed to a conveyance to trustees of assets of a joint venture, the trustees to dispose of the joint venture assets and distribute them between the two corporations. Each corporation appointed one trustee, and the agreement provided that, if one of the trustees died, the corporation which had appointed him should appoint another as trustee to succeed him. There it was clear, from the language of the agreement and from the adversary position of the two corporations, that a principal basis of the agreement was the maintenance of representation of each of two diverse interests in the trusteeship. Thus, upon the death of one trustee, the survivor could not alone exercise the trust powers. No such situation exists here. The language of the trust instrument is controlling. (For a full discussion, see annotation, 142 A.L.R. 1099.) In our case, lacking willingness and ability on the part of Rosenthal, Frietzsche was specifically authorized to act. ██ The question whether Rosenthal was able and willing to act was properly determinable by the probate court. If he were not, no additional appointment was required, and Frietzsche properly continued as sole trustee. (See Civ. Code, § 2288.)

This brings us to a consideration of the court order of June 5, 1951. That order found that J. Bicknell Tourny had died, and that Frietzsche "now is the sole surviving trustee." No appeal was taken from that order, and the time to appeal therefrom has long since expired. Thus the present attack upon the order is collateral. It is clear that, if the order was within the jurisdiction of the probate court, it is conclusive, even though it may have been erroneous. ██ Unless void upon its face, the order cannot be set aside in this proceeding. (*Security-First Nat. Bank* v. *Superior Court*, 1 Cal.2d 749 [37 P.2d 69], and cases cited therein.) Appellant relies upon *Estate of Eilert*, 131 Cal.App. 409 [21 P.2d 630], and *Estate of Blake*, 157 Cal. 448 [108 P. 287]. The former is fully distinguished by the opinion in *Security-First Nat. Bank* v.

*Superior Court, supra.* The second of the decisions relied upon by appellant is distinguishable upon like grounds.

Appellant argues that the 1951 order is void because it was made pursuant to Probate Code, section 1120, which provides for settlement of accounts and for instructions to the trustee, rather than under section 1126 of the same code, which provides for the filling of a vacancy in the trusteeship, and because the notice given was under the former, rather than the latter, section. But this argument assumes that there was a vacancy to be filled, and that the 1951 order purported to fill it. ■ As already pointed out, the question whether a vacancy exists upon the death of one of several trustees is to be determined in the light of the trust instrument. Here the decree of distribution clearly permits a sole trustee to act. Thus the matter presented to the probate court in 1951 was not the filling of a vacancy, but the question whether any vacancy existed. ■ The authority of the probate court to instruct the trustee under section 1120 is very broad (*Estate of Smith,* 4 Cal.App.2d 548 [41 P.2d 565]), and there is little room for doubt that the action actually taken here is within that broad authority. ■ Another answer to appellant's contention is that the judgment roll, the only source to which we may look in determining whether jurisdiction existed in the probate court (*Security-First Nat. Bank* v. *Superior Court, supra,* 1 Cal.2d 749), does not show that the probate court acted under a particular section. ■ The questioned order recites that due notice was regularly given as required by law. Both sections require notice in accordance with section 1200, Probate Code. By the terms of section 1200, a finding that notice has been regularly given is, when the order is final, "conclusive upon all persons" (*Estate of Loring,* 29 Cal.2d 423, 429 [175 P.2d 524]). We cannot here question this showing of the judgment roll (*Security-First Nat. Bank* v. *Superior Court, supra; Estate of Smith, supra*), at least in the absence of some evidence of fraud.

Here the probate court found, upon ample evidence, that there was no fraud or sharp dealing of any sort, and that the questioned sale was in the best interest of the trust estate. There is no suggestion of past or prospective improper distribution to one beneficiary to the detriment of another, as in *Estate of Eilert, supra* and *Estate of Blake, supra.* Nor does the record suggest that the equities lie with appellant. On the contrary, the record fully supports the findings that appellant received a copy of the will of decedent; that a copy

of the decree of distribution was sent to her counsel, who represented her from the inception of this estate proceeding; that she knew of the death of J. Bicknell Tourny and was fully aware that Frietzsche acted thereafter as sole trustee, but neither personally nor through counsel made any protest.

Appellant argues that Frietzsche was the agent of both seller and buyer, and that the sale therefore falls within the prohibition of Civil Code, section 2230. There is no question that Frietzsche was a vice-president of The San Francisco Bank. But Transamerica, and not the bank, was the purchaser of the stock. Thus Frietzsche can be deemed an agent of Transamerica only if the corporate entity of The San Francisco Bank is disregarded. It appears that Transamerica had, at the time of the sale here involved, purchased some shares of the bank, and had agreed to purchase additional shares to a total of approximately 70 per cent of the bank's shares. But this does not warrant treating the bank as the mere alter ego of Transamerica. The corporate entity is disregarded only when there is fraud or dishonesty or where to recognize the separate entity of the corporation would aid the consummation of a wrong. (*Erkenbrecher* v. *Grant,* 187 Cal. 7 [200 P. 641], quoted with approval in *Cleaning C. & P. Co.* v. *Hollywood L. Service,* 217 Cal. 124 [17 P.2d 709].) Here the court found, upon ample evidence, that there was no fraud, dishonesty or wrongdoing. Rather, the trustee accepted an offer which was made to all stockholders alike. There is no evidence that Frietzsche's connection with the bank in any way influenced his action as trustee.

Finally, appellant argues the sale violated the prudent man rule. Appellant cites no authority to establish this argument as a matter of law. On the facts, the claim is fully disposed of by the adverse findings of the trial court, based upon substantial evidence.

In the light of all the facts, we find no reason to disturb the sale reasonably and fairly made by the trustee with the knowledge of appellant and without objection by her.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied November 15, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1957.