[Civ. No. 30485.   Second Dist., Div. Five.   Dec. 5, 1967.]

Estate of ALICE JOSLYN, Deceased. SECURITY FIRST NATIONAL BANK, Petitioner and Respondent, v. MARCELLUS N. JOSLYN, Objector and Appellant; ROBERT D. MacDONALD, as Executor, etc., Objector and Respondent.

Morris Lavine and Ronald H. Bonaparte for Objector and Appellant.

Burris & Lagerlof, Stanley C. Lagerlof and Jack T. Swafford for Petitioner and Respondent.

No appearance for Objector and Respondent.

STEPHENS, J.—This is an appeal from an order filed August 13, 1965, instructing a trustee, as authorized by Code of Civil Procedure, section 963, subdivision 3, and Probate Code, section 1240.

The facts are that on December 27, 1949, the Alice N. Joslyn testamentary trust was established, and M. L. Joslyn was appointed trustee. On June 30, 1963, M. L. Joslyn died. M. L. Joslyn died testate, and by his will appointed Robert D. MacDonald (hereinafter MacDonald) as successor trustee in said Alice N. Joslyn trust (hereinafter termed trust). MacDonald petitioned for appointment as successor trustee; this petition was heard on June 5, 1964, and was opposed. By its order of June 10, 1964, the court found the trust was without trustee and that MacDonald was the appointee successor trustee under the will of M. L. Joslyn, original trustee; further, that by stipulation of attorneys representing the parties, "all requirements of notice relative to the proceeding were waived" and that "in the event the order denied the petition of Robert D. MacDonald, the Security First National Bank (Santa Monica branch) [hereinafter termed the Bank] . . . would be accepted as an interim trustee of said . . . trust . . ." The court then ordered the MacDonald petition denied "pending determination whether he has been or should be appointed successor trustee" and that the Bank "is appointed interim

trustee of . . . trust pending determination whether Robert D. MacDonald has been or should be appointed successor trustee.''

At the time of the hearing, the court accepted a stipulation waiving notice as required by the provisions of section 1126 of the Probate Code.[1] This stipulation was joined in by attorneys representing each of the parties, including the attorney for appellant M. N. Joslyn.

By the June 10, 1964, order, the court determined the Bank was an interim trustee under appointment there and then made. No appeal was taken from this order. On June 28, 1965, the Bank petitioned for instructions. On August 11, 1965, Joslyn filed a declaration stating that at the time of the June 5, 1964, hearing he was not personally present, and at no time waived notice. On August 13, 1965, following a hearing, the court found that all notices (of the August 13, 1965 hearing) had been ''duly given as required by law,'' and ordered that the Bank: ''. . . pending determination whether Robert D. MacDonald has been or should be appointed successor trustee, is instructed that under the order of this court dated June 10, 1964, appointing it 'interim trustee' of said testamentary trust, it is a 'successor trustee' within the meaning of that term as used in said testamentary trust and as such it has all of the rights, powers, authorities, and discretions of the trustee originally named therein.'' Appeal is from this August 13, 1965, order.

The first question raised by M. N. Joslyn is whether the court erred by finding that the order of June 10, 1964 was proper. M. N. Joslyn contends the court's order of June 10, 1964, was not proper for no petition was filed in compliance with section 1126; no notice as therein required was given; and no finding was incorporated in the court order that notice was given, except that notice had been waived.

Notice of a hearing on a petition for appointment of

---

[1]Probate Code, section 1126: ''If after distribution a trustee of a testamentary trust dies, resigns, or fails or declines to act, cannot be identified, or is for any reason incapable of acting, or is removed or a vacancy in the trusteeship is otherwise created or exists, the court which has jurisdiction over the trust shall have the power to declare a vacancy and appoint a trustee to fill the vacancy, upon the petition of anyone interested in the trust estate and notice given for the period and in the manner required by Section 1200 of this code. The petitioner shall cause notice of the hearing to be mailed to the beneficiaries and to any trustee as provided in said Section 1200, whether they have requested special notice or given notice of appearance or not.''

trustee is jurisdictional.[2] ▮ The appointment of successor trustee is within the jurisdiction of the probate court (§ 1126, Prob. Code). ▮ An order of appointment of successor trustee is an appealable order (Code Civ. Proc., § 963, subd. 3; Prob. Code, § 1240). ▮ An appealable order once final cannot be collaterally attacked where not void on its face. (*Security First Nat. Bank* v. *Superior Court*, 1 Cal.2d 749 [37 P.2d 69]; *Estate of Tourny*, 154 Cal.App.2d 501, 505 [316 P.2d 763].)

▮ The order of June 10, 1964, finds that the parties before it waived all notice required by law. Section 1126 requires individual notice to each beneficiary. The parties before the court were such beneficiaries, and personal notice could be waived. The sole question, then, of lack of jurisdiction must arise by failure to file a petition and to post in accordance with section 1200.[3] These defects appear upon the face of the order of June 10, 1964, hence may be raised by the collateral

---

[2]A finding of due notice is ordinarily essential to show jurisdiction of record. (*Estate of Kauffman*, 63 Cal.App.2d 655, 659 [147 P.2d 11].) See fn. 3 here and requirement that the "Proof of the giving of notice must be made at the hearing; and if it appears to the satisfaction of the court that said notice has been regularly given, the court shall so find in its order, and such order when it becomes final, shall be conclusive upon all persons."

[3]Probate Code, section 1200: "Upon the filing of the following petitions: (1) A petition under Section 641 of this code for the setting aside of an estate; . . . . (17) A petition for the appointment of a trustee; . . . . (18) . . . and in all cases in which notice is required and no other time or method is prescribed by law or by court or judge, the clerk shall set the same for hearing by the court and shall give notice of the petition or application or report or account by causing a notice of the time and place of hearing thereof to be posted at the courthouse of the county where the proceedings are pending, at least 10 days before the day of hearing, giving the name of the estate, the name of the petitioner and the nature of the application, referring to the petition for further particulars, and stating the time at which the application will be heard.

"At least 10 days before the time set for the hearing of such petition, . . . the petitioner . . . must cause notice of the time and place of hearing thereof to be mailed to the executor or administrator, when he is not the petitioner, to any coexecutor or coadministrator not petitioning, and to all persons (or to their attorneys, if they have appeared by attorney), who have requested notice or who have given notice of appearance in the estate in person or by attorney, as heir, devisee, legatee or creditor, or as otherwise interested, addressed to them at their respective post-office addresses given in their requests for special notice, if any, otherwise at their respective offices or places of residence, if known, and if not, at the county seat of the county where the proceedings are pending, or to be personally served upon such person.

"Proof of the giving of notice must be made at the hearing; and if it appears to the satisfaction of the court that said notice has been regularly given, the court shall so find in its order, and such order, when it becomes final, shall be conclusive upon all persons."

attack by way of objection to the August 13, 1965 finding that the June 10, 1964 order was valid and "instructed" the petitioner before it as to its powers and duties. *Estate of Tourny, supra,* 154 Cal.App.2d 501 at p. 506 states: "Another answer to appellant's contention is that the judgment roll, the only source to which we may look in determining whether jurisdiction existed in the probate court (*Security-First Nat. Bank* v. *Superior Court, supra,* 1 Cal.2d 749), does not show that the probate court acted under a particular section. The questioned order recites that due notice was regularly given as required by law. Both sections require notice in accordance with section 1200, Probate Code. By the terms of section 1200, a finding that notice has been regularly given is, when the order is final, 'conclusive upon all persons.' (*Estate of Loring,* 29 Cal.2d 423, 429 [175 P.2d 524]). We cannot here question this showing of the judgment roll (*Security-First Nat. Bank* v. *Superior Court, supra; Estate of Smith, supra* [4 Cal.App.2d 548 (41 P.2d 565)]), at least in the absence of some evidence of fraud." ■ Joslyn cannot on appeal be heard to disavow the authority of his attorney of record to enter into a stipulation waiving the personal notice. (6 Cal. Jur.2d, Attorneys at Law, § 155, pp. 339-40; *Machado* v. *Machado,* 66 Cal.App.2d 401, 406 [152 P.2d 457].) But this does not answer the question before us. ■■ All proceedings in the probate court are limited and special, or limited and statutory (*Estate of Schloss,* 56 Cal.2d 248, 253 [14 Cal. Rptr. 643, 363 P.2d 875]), and it is elementary that jurisdiction may not be acquired by stipulation. (*Schlyen* v. *Schlyen,* 43 Cal.2d 361, 375 [273 P.2d 897].) ■ No stipulation waiving personal notice could waive the filing of a petition and posting of notice as required by sections 1126, 1200. The failure to file a petition and to give notice by posting in accordance with section 1200 appears on the face of the June 10 order.[4] A void order will be declared void. (*People* v. *Mullan,* 65 Cal. 396 [4 P. 348].)

■ The contention by M. N. Joslyn that the "interim trustee," if properly appointed, would be something less than a "successor trustee" in this case is without merit. The court was under obligation to appoint a "successor trustee" (§ 1126), and sought to do so, though recognizing the appoint-

---

[4]*Lieberman* v. *Superior Court,* 72 Cal.App. 18, 29 [236 P. 570]. The cases of *Estate of Toler* (1959) 174 Cal.App.2d 764 [345 P.2d 152] and *Estate of Olcese* (1934) 1 Cal.App.2d 72 [36 P.2d 215] are not to the contrary, for in those cases the court had before it filed petitions upon which to act.

ment was of "interim" duration. There is no provision for a lesser trustee under the probate code, hence it is apparent that the August 13, 1965, construction was correct in its determination in that regard had the initial appointment been proper. Since we hold that the initial appointment was void, the order of instruction is likewise void.

Since this case has been on appeal, a further petition by MacDonald for appointment as successor trustee has been heard, acted upon favorably to petitioner, and appealed from. A further petition by MacDonald for appointment of "interim trustee" was filed and noticed in compliance with sections 1126 and 1200, and hearing held. This petition was denied and, again without further petition or notice, the Bank was "reappointed" "interim trustee."

The argument that these subsequent actions as taken by the court make moot the appeal before us is without merit. Whether the Bank acted as a trustee de jure or de facto may well have bearing upon its performance of duty and to fees or other matters which have not been mooted by such subsequent acts.

We do not intend, by anything stated in this opinion, to determine the status of MacDonald or the Bank by virtue of the trial court's denials of petitions or the determination of subsequent petitions. As we have noted, most if not all of such subsequent judicial acts are presently on different appeals from the one before us.

The order appealed from is reversed.

Hufstedler, J., and McCoy, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.